OPINION OF THE COURT
Martin Evans, J.
Plaintiff Edwards, a former employee of defendant Citibank, has brought this action for breach of contract and wrongful discharge. The gravamen of the complaint is that defendant Citibank wrongfully discharged plaintiff in reprisal for plaintiff having uncovered evidence of illegal foreign currency manipulation. Citibank has moved for summary judgment essentially claiming that plaintiff has stated no claim upon which relief can be granted. Based on the record before the court, that motion must be granted as a matter of law.
Plaintiff has framed his complaint to allege three causes of action, one in contract, for breach of an alleged written contract, and two in tort, claiming violations both of public policy and his constitutional rights to freedom of speech and due process. For the reasons outlined below, none of these claims state a legally sufficient cause of action.
*60 Plaintiff readily admits both that for the six years of his employment by defendant he had no formal written contract and no fixed term of employment. Rather, he contends that various staff handbooks and manuals, along with other literature setting out broad employment policy guidelines, comprise a written contract. Moreover, he claims that the effect of these documents is to give him a permanent position, unlimited in duration terminable by him at will, but by Citibank only for cause. Such a position is supported by neither logic nor law. First, it is utterly lacking in mutuality. Second, it is hornbook law that any contract for an indefinite period of time is terminable at the will of either party at any time. (Watson v Gugino, 204 NY 535.) Such a contract is terminable "for any reason or for no reason”. (Laiken v American Bank & Trust Co., 34 AD2d 514.) Third, the various manuals offered by plaintiff do not constitute a written employment contract, since they do not exclusively and completely define the terms and conditions of employment, its duration or the rate of compensation, i.e., all the essential elements of a contract of employment. (Chin v American Tel. & Tel. Co., 96 Misc 2d 1070, unanimously affd without opn 70 AD2d 791.) Consequently, these documents are no more than broad internal policy guidelines which cannot be held to embody the exclusive procedures for termination. Moreover, an oral contract of the form urged by plaintiff is violative of the Statute of Frauds, since performance was not to have been completed within one year. (General Obligations Law, § 5-701, subd a, par 1.)
The documents offered do not constitute sufficient writings to evidence the obligation. Finally, the evidence before the court indicates that the guidelines in question were not applicable to plaintiff either at the beginning, or at the termination of his employment.
Plaintiff’s other claims fail to state a legally cognizable cause of action. Edwards’ claim of constitutional infringement is defective primarily because the record fails to disclose a necessary element of such a claim, viz., State action. "The mere fact that a business is subject to state regulation does not by itself convert its action into that of the State * * * [n]or does the fact that the regulation is extensive and detailed”. (Jackson v Metropolitan Edison Co., 419 US 345, 350.) Edwards’ claim that State action results from defendant’s performing a public function is similarly tenuous. Any busi *61 ness or individual performing activities useful or necessary to the public can arguably be said to perform a public function. Such activity may, but does not necessarily subject it to governmental regulation and thus does not, by itself, trigger a finding of State action. Finally, plaintiffs argument that his allegedly retaliatory firing is against public policy, is not actionable under New York law (see Chin, supra; Wegmen v Dairylea Coop., 50 AD2d 108), particularly since the relationship at bar was one at will.
Defendant’s motion for summary judgment is accordingly granted and the complaint is dismissed.