MITCHELL SWERDLOFF et al., Appellants, v MOBIL OIL CORPORATION et al., Respondents.

STATION MANAGERS, INC., Respondent, v MITCHELL SWERDLOFF, Appellant.

Second Department, April 28, 1980

### APPEARANCES OF COUNSEL

*Richard Creditor* for appellants.

*Putney Twombly Hall & Hirson (Charles O. Strahley* of counsel), for respondents.

### OPINION OF THE COURT

*Per Curiam.*

■ In the first and fourth causes of action, plaintiffs seek damages for breach of an alleged oral contract of dealership for a gasoline service station and for specific performance thereof. (The other causes of action had previously been dismissed and are not before this court.) At the close of the plaintiffs' case, Special Term dismissed the first and fourth causes of action on the ground that the alleged oral agreement is barred by the Statute of Frauds. We affirm.

I

We agree with the trial court's holding that the parol evidence rule mandates striking the testimony of oral conversations prior to the May 7, 1976 signing of the employment agreement between plaintiff Mitchell Swerdloff and defendant Station Managers, Inc. (SMI), Mobil's subsidiary, since Mobil's "rights depend[ed] upon the instrument even though [it was] not [a] part[y] to it" (see *Oxford Commercial Corp. v Landau,* 12 NY2d 362, 365-366).

We also agree with the trial court's conclusion that the alleged oral promise by Mobil that Mr. Swerdloff would be granted a dealership of the Great Neck station if and when it would be converted from an SMI station (pursuant to a managership contract wherein SMI appointed Swerdloff as manager) to a straight dealership, was unenforceable since it necessarily involved the purchase of more than $500 of gasoline (see Uniform Commercial Code, § 2-201).

## II

There remains for determination the issue of promissory estoppel, which was not determined by the trial court, whose judgment stated that the first and fourth causes of action were "dismissed on the ground * * * [of] the Statutes of Fraud".

For two years plaintiff Mitchell Swerdloff remained as manager of the SMI station (selling Mobil gasoline and other products) under a written agreement providing for employment at will by either party. Since the court dismissed the pertinent causes of action at the close of plaintiffs' case, the testimony of plaintiffs and their witness Ruestow to the following effect remained essentially uncontradicted: that Mr. Swerdloff failed to carry out his desire (as allegedly expressed to persons in various levels of the Mobil hierarchy) to terminate his SMI agreement of managership, based on his reliance on promises made by Mobil personnel that if he continued as manager he would obtain the dealership when the station was converted to such status.

Plaintiffs' claim of promissory estoppel against defendants' assertion of the Statute of Frauds is based on three sets of circumstances. One is that during the first week of his employment as manager, Mr. Swerdloff had encountered bookkeeping problems far beyond what he had been led to expect, as a result of which he advised Mobil personnel that "I couldn't go on under these conditions any longer. I told them I wanted to leave * * * under these conditions." He was prevailed upon to remain (he testified) because he was again assured that he "would become the dealer at that location when the conversion took place" and because "they said we can help relieve [you] * * * by getting you a bookkeeper". Defendants obtained a bookkeeper and contributed $60 a week toward her salary, and plaintiffs made no further complaints about bookkeeping.

The second basis for estoppel claimed by Mr. Swerdloff is that about a year after the inception of his employment he advised Mobil mid-level personnel that he "had other opportunities to leave to go on to other areas or other businesses" and that he "had been waiting an awfully long time for this agreement to be lived up to." He testified, in particular, that he passed up the opportunity to buy a half interest in an insurance agency in The Bronx because of his belief that Mobil was committed to advancing his status from manager to dealer.

The third basis for alleged estoppel, the one stated by plaintiffs to be "most important of all", is that Mr. Swerdloff "worked endless hours [and] * * * continued to labor industriously in order to build good will and a profitable business * * * not to benefit a subsequent dealer * * * but to insure his own personal well being at the time when this station was to be given to him as a dealership."

### III

There are two categories of cases involving promissory estoppel where it is contended that reliance on a *promise* (as distinguished from reliance on an express or implied statement of *fact)* is the basis of a legal right. One is where promissory estoppel is resorted to as a substitute for consideration, and is expressed by section 90 of the Restatement of Contracts Second (Tent Drafts Nos. 1-7, ch 4, topic 2, entitled, "Contracts Without Consideration"). It states:

"Promise Reasonably Inducing Action or Forbearance

"(1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires."

However, the doctrine expressed in section 90 has not been the law of New York, with narrow exceptions based on unusual circumstances.*

The other category, the one involved herein, is where promissory estoppel is alleged to bar the assertion of the Statute of Frauds. It is set forth in section 217A of the Restatement of Contracts Second. That section, together with the initial part of comment *a* thereon, is as follows:

"Enforcement by Virtue of Action in Reliance

"(1) A promise which the promisor should reasonably expect

---

* These have been charitable contributions *(Allegheny Coll. v National Chautauqua County Bank of Jamestown,* 246 NY 369, 374); marriage settlements *(De Cicco v Schweizer,* 221 NY 431); a promise of a gift of land followed by the "donee" making substantial improvements thereon *(Messiah Home for Children in City of N. Y. v Rogers,* 212 NY 315); a gratuitous bailee's promise to insure the bailed goods *(Siegel v Spear & Co.,* 234 NY 479); and a promise by an insurance broker to pay certain premiums to prevent lapse of the policy *(Spiegel v Metropolitan Life Ins. Co.,* 6 NY2d 91).

to induce action or forbearance on the part of the promisee or a third person and which does induce the action or forbearance is enforceable notwithstanding the Statute of Frauds if injustice can be avoided only by enforcement of the promise. The remedy granted for breach is to be limited as justice requires.

"(2) In determining whether injustice can be avoided only by enforcement of the promise, the following circumstances are significant:

"(a) the availability and adequacy of other remedies, particularly cancellation and restitution;

"(b) the definite and substantial character of the action or forbearance in relation to the remedy sought;

"(c) the extent to which the action or forbearance corroborates evidence of the making and terms of the promise, or the making and terms are otherwise established by clear and convincing evidence;

"(d) the reasonableness of the action or forbearance;

"(e) the extent to which the action or forbearance was foreseeable by the promisor.

"Comment:

"a. *Relation to other rules.* This section is complementary to § 90, which dispenses with the requirement of consideration if the same conditions are met, but it also applies to promises supported by consideration."

Most significantly, comment *b* of section 217A states: "*b. Avoidance of injustice.* Like § 90 this Section states a flexible principle, but the *requirement of consideration is more easily displaced than the requirement of a writing.* The reliance must be foreseeable by the promisor, and enforcement must be necessary to avoid injustice. Subsection (2) lists some of the relevant factors in applying the latter requirement. Each factor relates either to the extent to which reliance furnishes a compelling substantive basis for relief in addition to the expectations created by the promise or to the extent to which the circumstances satisfy the evidentiary purpose of the Statute and fulfill any cautionary, deterrent and channeling functions it may serve." (Emphasis supplied.)

Since an oral promise of an advanced status (here from employee to independent dealer) is not one of the exceptional cases where New York applies the rule of section 90 of the Restatement of Contracts, it would appear, a fortiori, not to be

included in whatever acceptance New York may give to section 217A of the Restatement of Contracts Second, since "the requirement of consideration is more easily displaced than the requirement of a writing." The case law bears this out (see *Kahn v Cecelia Co.,* 40 F Supp 878; *Olympic Junior, Inc. v David Crystal, Inc.,* 463 F2d 1141, 1144).

In any event, all authorities, including those supporting section 217A, require that "the circumstances [be] such as to render it unconscionable to deny" the oral promise upon which the promisee has relied (3 Williston, Contracts [3d ed], § 533A, p 801; see *Philo Smith & Co. v U. S. Life Corp.,* 554 F2d 34, 36).

## IV

Assuming Mr. Swerdloff's testimony to be true, we do not believe that the circumstances are so egregious that it would render unconscionable the assertion of the Statute of Frauds.

The only relevant significance of the bookkeeping difficulties is that they were (allegedly) the occasion of a renewed promise of the dealership, since the grievance which elicited the stated desire of Mr. Swerdloff to sever the employment at its very outset was eliminated to his satisfaction. He cannot rationally say that he stayed on despite the bookkeeping problem when, in fact, that problem was immediately solved to his satisfaction.

Nor do we see unconscionability in the circumstances that he chose to forgo the opportunity of buying an interest in an insurance business in The Bronx rather than continue as manager of the service station in Great Neck, with the hope or expectation that he would be its ultimate dealer. A change of job or residence (and, a fortiori, the *failure* to make such change), by itself, is not sufficient to call promissory estoppel into play, "['u]nless it can be shown that the plaintiff's rights under the previous contract [or instead, as here, the new proposed insurance agency] were so valuable that unconscionable injury would result if the oral contract were not enforced' " (Note, Promissory Estoppel as a Means of Defeating the Statute of Frauds, 44 Fordham L Rev 114, 121). Mr. Swerdloff undoubtedly weighed the difficulties, dislocation and risks of the proposed venture against the hope and expectation that his employer would honor its verbal assurances. Under these circumstances, his choice to forgo the proposed

new venture does not put the stigma of unconscionability upon the defendants' right to assert the Statute of Frauds.

Nor do we see the "endless hours" of Mr. Swerdloff's work as making it unconscionable for defendants to assert the Statute of Frauds. Such devotion to service could as well have been based on the hope that if he did a good job he would maintain his position of being considered first in line for the dealership. We note that Mr. Swerdloff makes no claim that his salary as manager was inadequate.

In sum, the circumstances herein, assuming plaintiffs' testimony to be true (as we must since there was dismissal at the close of the plaintiffs' case), are not so egregious as to render it unconscionable to permit the defendants to assert the Statute of Frauds. (See Action by Employee in Reliance on Employment Contract Which Violates the Statute of Frauds as Rendering Contract Enforceable, Ann. 54 ALR3d 715.)

TITONE, J. P., GULOTTA, MARGETT and O'CONNOR, JJ., concur.

Judgment of the Supreme Court, Nassau County, entered June 13, 1979, affirmed insofar as appealed from, with costs.