■ CRABTREE AUTOMOTIVE, INC., Appellant, v BMW OF NORTH AMERICA et al., Respondents. — In action to compel specific

performance of an alleged oral agreement made by defendant BMW of North America Limited (BMW) to approve a sale of a BMW dealership by defendant Pace Oldsmobile, Inc., to plaintiff, the appeal is from an order of the Supreme Court, Westchester County (Marbach, J.), entered May 23, 1984, which denied plaintiff's motion for a preliminary injunction and granted the cross motion of BMW to dismiss the complaint.

Order affirmed, with costs.

The oral agreement by defendant BMW, allegedly made with plaintiff, to approve a sale of the BMW dealership owned by defendant Pace to plaintiff was unenforceable (Uniform Commercial Code, § 2-201; see *Swerdloff v Mobil Oil Corp.,* 74 AD2d 258). We agree with Special Term that the conceptual differences between the granting of an original franchise and the consent by the franchiser to the transfer of a franchise to another are without legal substance insofar as section 2-201 of the Uniform Commercial Code is concerned (see *Swerdloff v Mobil Oil Corp., supra*). Both necessarily involve an agreement to purchase goods for the price of $500 or more. This is particularly so where a provision of the dealership agreement relating to transfer of the dealership was to the effect that upon BMW's approval of a transfer it would offer the transferee the right to enter into a new agreement involving the purchase of goods in "the same form as the Agreement then currently offered by BMWNA to its Dealers". Boyers, J. P., Rubin, Lawrence and Eiber, JJ., concur.