CAROL CUNNISON, Respondent, v RICHARDSON GREENSHIELDS SECURITIES, INC., Appellant, et al., Defendant.

First Department, February 19, 1985

### APPEARANCES OF COUNSEL

*John Linsenmeyer* of counsel (*Laura F. Seraso* with him on the brief; *Morgan, Lewis & Bockius,* attorneys), for appellant.

*Robert L. Ferris* for respondent.

### OPINION OF THE COURT

SULLIVAN, J. P.

This is an appeal from the denial of a motion to dismiss a complaint alleging breach of a concededly oral five-year contract of employment, on the ground that the action is barred by the Statute of Frauds.

Plaintiff Carol Cunnison was employed from 1979 until September 1982 in the Toronto office of Richardson Securities of Canada, the parent company of defendant Richardson Securities, Inc., a New York corporation engaged in the securities business. After extensive negotiations, she contends, defendant orally agreed to employ her as an institutional sales representative in its New York City office for a period of five years.

Plaintiff further alleged that defendant confirmed this agreement in a letter dated September 3, 1982 and in a subsequent January 7, 1983 interoffice memorandum to her from R. William Lewis, its executive vice-president, both of which were annexed to the complaint and incorporated therein by reference, offering her the "Institutional Sales job we * * * discussed" at a salary of $2,000 per month from September 27, 1982 to December 31, 1982 and, depending upon satisfactory performance, $30,000 annually thereafter, in addition to 30% of commissions earned in any one year in excess of $100,000. Neither writing, however, specified a term of employment. Plaintiff's services were terminated on December 15, 1983, 14½ months after she moved to New York City and commenced her employment with defendant. She thereafter instituted this action for wrongful discharge, alleging a five-year employment contract.

Defendant moved pursuant to CPLR 3211 (a) (5) and 3211 (c) to dismiss the complaint on the grounds that the contract, as alleged, was void and unenforceable under the Statute of Frauds for want of a writing signed by defendant (General Obligations Law § 5-701 [a] [1]) and that, as a matter of law, plaintiff's employment was terminable at will. Plaintiff, conceding the absence of a writing to substantiate the purported five-year commitment, argued that enforcement of the contract was nevertheless mandated by principles of estoppel and partial performance. In support of this argument she alleged that in reliance upon the oral promises of Mr. Lewis and other "members of management" of a five-year term of employment, she turned down other employment opportunities and accepted defendant's offer, gave up her Toronto residence and, at great personal sacrifice, moved to New York City. Although finding that plaintiff "has not established a fixed term of employment" Special Term, nevertheless, denied the motion on the ground that the trier of fact could consider "the course of conduct of the parties including their * * * antecedent negotiations." We disagree, and accordingly reverse and dismiss the complaint.

Oral assurances of a five-year term of employment, even if established, are void and unenforceable under the Statute of Frauds.* General Obligations Law § 5-701 (a) (1) provides:

"Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed

---

* In its moving papers defendant did not deny the allegations of an oral promise of a five-year term of employment. After the denial of its motion to dismiss, defendant interposed an answer which, in an affirmative defense, alleged that it had not agreed to hire plaintiff for a five-year term.

by the party to be charged * * * if such agreement, promise or undertaking * * *

"[b]y its terms is not to be performed within one year from the making thereof".

Thus, to be enforceable, a promise or agreement of employment for five years — which by its terms cannot be performed within one year — must be memorialized in a writing signed by the party to be charged. Plaintiff, as already noted, concedes that defendant's letter to her of September 3, 1982, upon which she allegedly relied, does "not fix a term of employment". Nor does the interoffice memorandum of January 7, 1983. Since no other writing exists to substantiate plaintiff's claim of a five-year term, the Statute of Frauds is an absolute bar to a recovery absent some legal impediment to its assertion.

This court's decision in *Chase v United Hosp.* (60 AD2d 558), which involved facts virtually identical to those in the present action, is illustrative. There, the plaintiff, in support of her claim of breach of a two-year employment contract, referred to a letter from the defendant which, as we noted (p 559), "did no more than to establish an annual rate of salary for plaintiff. It provided for no specific terms of employment, so that even if the letter were considered to be a contract of employment it would still be insufficient in law * * * Even assuming plaintiff's allegations concerning 'assurances' by defendant that her employment would be for two years were true, the Statute of Frauds rendered the oral promises void and unenforceable, as the two-year term, obviously, could not be performed within one year (General Obligations Law, § 5-701, subd 1)." (*See also, Sladden v Rounick,* 59 AD2d 882 [complaint based upon oral contract of employment of two years' duration dismissed as unenforceable].)

Recognizing that the absence of a writing renders void any agreement which by its terms cannot be performed within one year, plaintiff argues that the circumstances attending defendant's oral promise of a five-year term of employment are such that it would be unconscionable to deny enforcement of the promise. She cites her move from Toronto to New York and her rejection of other employment offers as circumstances "sufficiently egregious" to estop defendant from invoking the Statute of Frauds. It is clear, however, that plaintiff, an American who acquired dual Canadian citizenship, did not suffer any cognizable legal harm, much less harm sufficiently egregious to remove the purported oral agreement from the bar of the Statute of Frauds. As the record demonstrates, defendant paid the entire cost of her move, including even the security deposit for a two-year apartment lease. Moreover, it is not at all clear that the

promise of employment for five years was the sole reason for plaintiff's move to New York. In entertaining various job proposals plaintiff admits that she also considered a move to Florida. Thus, instead of demonstrating detrimental reliance or egregious harm, the record shows that plaintiff relocated in New York City at defendant's expense.

In any event, it has been consistently held that a change of job or residence, by itself, is insufficient to trigger invocation of the promissory estoppel doctrine. (*See, e.g., Ginsberg v Fairfield-Noble Corp.,* 81 AD2d 318, 321; *Swerdloff v Mobil Oil Corp.,* 74 AD2d 258, 263, *lv denied* 50 NY2d 913.) In *Ginsberg,* the plaintiff, allegedly prompted by an oral promise of employment for one year to commence on the first day of his employment about two weeks later, left a responsible position to work for the defendant. At the time he reported for work he signed a written agreement which provided, *inter alia,* that his employment could be terminated at any time. When the plaintiff was discharged after only two months, he brought suit, alleging breach of the oral agreement. This court, citing *Swerdloff* (74 AD2d, at pp 263, 264), refused to enforce the oral promise and dismissed the plaintiff's plea of estoppel, holding that "a change of job, even with increased emoluments and advanced status 'is not sufficient to call promissory estoppel into play'. The choice to forgo current employment because of rosy promises 'does not put the stigma of unconscionability upon the defendants' right to assert the Statute of Frauds' " (81 AD2d, at p 321).

In *Swerdloff (supra),* the plaintiff, a manager of a service station under a written agreement providing for employment at will, claimed breach of an oral promise that if he continued as manager he would obtain the dealership when the station was converted to such status. Confronted with the defense of Statute of Frauds since the transaction would necessarily involve the purchase of more than $500 worth of gasoline (*see,* Uniform Commercial Code § 2-201), he invoked the doctrine of promissory estoppel, arguing, *inter alia,* that, in reliance on the promise of a dealership, he had passed up other job opportunities. The court rejected this argument, holding that a change of job or residence, or the failure to make such change, is by itself insufficient to invoke promissory estoppel, unless the plaintiff's rights under the previous situation, or missed opportunity, were so valuable that injury of unconscionable proportions would flow from the failure to enforce the oral contract (74 AD2d, at p 263).

Thus, plaintiff cannot, on the basis of her move to New York and purported refusal of other job opportunities, invoke promissory estoppel to defeat the Statute of Frauds. As the court in

*Swerdloff,* speaking of the plaintiff there, noted, "[He] undoubtedly weighed the difficulties, dislocation and risks * * * [and] his choice to forgo the proposed new venture does not [remove the defendants' oral promise from] the Statute of Frauds" (74 AD2d, at pp 263-264). Indeed, as this court has held, "The very purpose of the statute, requiring a writing where the contract cannot be performed within one year, is to preclude claims such as here made that there was an oral contract for more than one year." (*Ginsberg v Fairfield-Noble Corp.,* 81 AD2d, at p 320.)

Plaintiff also cites her move to New York and defendant's expenditures in relocating her as acts constituting partial performance of the oral five-year contract. In such circumstances, she argues, a court of equity may enforce the oral agreement. Plaintiff clearly misapprehends the judicial standard for evaluating partial performance.

In an appropriate case, a court of equity may indeed give effect to an otherwise unenforceable oral contract where there has been part performance (*see,* General Obligations Law § 5-703 [4]) and the acts performed are " 'unequivocally referrable' " to the agreement (*Geraci v Jenrette,* 41 NY2d 660, 666, citing *Burns v McCormick,* 233 NY 230, 232). If, however, an act is equally consistent with an explanation having a basis in other than the alleged oral agreement, the part performance relied upon will not remove the agreement from the bar of the Statute of Frauds. (*See, Wilson v La Van,* 22 NY2d 131 [oral promise to convey farm property unenforceable despite improvements since such part performance is not unequivocally referable to an agreement to convey and is equally consistent with landlord-tenant relationship].)

In New York, the part performance of an oral contract for employment, not to be performed within a year, does not remove the contract from the operation of the Statute of Frauds. (*Tyler v Windels,* 186 App Div 698, 700; *see also, Health Delivery Sys. v Scheinman,* 42 AD2d 566, 567.) *Tyler* distinguishes a line of cases in other jurisdictions which were based on statutes making oral employment contracts for a term in excess of one year merely voidable. In New York, however, such contracts are void (General Obligations Law § 5-701 [a] [1]) and part performance will not remove them from the bar of the Statute of Frauds. In any event, the facts upon which plaintiff relies, i.e., her move to New York and defendant's payment of her relocation expenses, are equally consistent with a mere employment at will or even a one-year contract, and are thus not unequivocally referable to the existence of a five-year employment contract.

Since plaintiff cannot prove an enforceable employment contract of a definite duration hers was an employment at will. It has long been the law of this State that unless an employment is for a definite period of time, the hiring is presumed to be at will. (*See, Martin v New York Life Ins. Co.,* 148 NY 117, 121; *Watson v Gugino,* 204 NY 535; *Edwards v Citibank, N. A.,* 100 Misc 2d 59, *affd* 74 AD2d 553, *appeal dismissed* 51 NY2d 875.) As the Court of Appeals recently stated, "[W]here an employment is for an indefinite term it is presumed to be a hiring at will which may be freely terminated by either party at any time for any reason or even for no reason". (*Murphy v American Home Prods. Corp.,* 58 NY2d 293, 300.) Thus, defendant had "an unfettered right to terminate the employment at any time" (*supra,* at p 304; *see also, Martin v New York Life Ins. Co.,* 148 NY 117, *supra; Patrowich v Chemical Bank,* 98 AD2d 318, *affd* 63 NY2d 541; *Edwards v Citibank, N. A.,* 100 Misc 2d 59, *supra*).

Plaintiff's reliance on *Weiner v McGraw-Hill, Inc.* (57 NY2d 458) is misplaced. There, no Statute of Frauds issue was presented. The plaintiff was hired without a fixed term of employment after signing a printed application form which referred to the defendant's personnel manual. The manual, upon which the plaintiff claimed he relied in leaving his former employer, provided that an employee could not be discharged without cause and only after rehabilitative efforts had been undertaken. After eight years in the defendant's employ the plaintiff was discharged for "lack of application". In such circumstances, the Court of Appeals held, a question of fact was presented as to whether the defendant was bound to a promise not to discharge the plaintiff "without just and sufficient cause and an opportunity for rehabilitation" (*supra,* at p 466).

Here, in contrast, where the sole issue is the enforceability of an oral promise of a five-year term of employment, plaintiff cannot point to any signed writing regarding the term of employment, and she has made no showing whatsoever of any "express limitation on the employer's right of discharge" (*Murphy v American Home Prods. Corp.,* 58 NY2d, at p 305), other than her unenforceable claim of a promise of a five-year term. It should be noted that four months after *Weiner* was decided the Court of Appeals in *Murphy* had occasion to reaffirm a well-settled principle: "[A]bsent a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment, an employer's right at any time to terminate an employment at will remains unimpaired" (*supra,* at p 305).

Accordingly, the order of the Supreme Court, New York County (Kirschenbaum, J.), entered April 16, 1984, denying defendant's motion to dismiss the complaint should be reversed, on the law, without costs or disbursements, and the motion granted.

Asch, Milonas and Kassal, JJ., concur.

Order, Supreme Court, New York County, entered on April 16, 1984, unanimously reversed, on the law, without costs and without disbursements, and the motion to dismiss the complaint granted.