◼ BERT GRANT, Appellant, v DCA FOOD INDUSTRIES, INC., Respondent.—Kane, J.

Plaintiff was first employed by defendant in 1966 in its credit department. He subsequently transferred to defendant's retail bakery sales division and in 1979 was promoted to field sales manager of this division. In August 1982, defendant's corporate headquarters were transferred from New York to Jessup, Maryland. At that time, plaintiff commenced reporting to defendant's management in Maryland instead of in New York. Plaintiff, however, did not move to Maryland at this time, as he continued to work from defendant's remaining office in New York. In April 1983, plaintiff moved his office to defendant's headquarters in Jessup, Maryland. In August 1983, plaintiff relocated his home to Maryland. Defendant paid plaintiff's moving expenses and reimbursed plaintiff for other relocation expenses, including closing costs and the real estate commission incurred in selling his old home. Subsequently, in 1984, pursuant to corporate reorganization plans, the retail sales division was transferred to another division of defendant and plaintiff's job was eliminated.

Plaintiff then commenced the instant action in which he alleges that defendant fraudulently induced him to relocate to Maryland. Specifically, plaintiff asserts that "defendant falsely and fraudulently stated to [him], that if [he] relocated to Jessup, Maryland * * * his job would not be terminated and that he would be assured of a steady and secure employment with the defendant company". In due course, defendant moved for summary judgment. This motion was granted and the instant appeal ensued. We affirm.

Initially, we note that there was no written contract of employment. Consequently, the alleged oral assurances of continued employment, even if established, are void and unenforceable under the Statute of Frauds (General Obligations Law § 5-701 [a] [1]; *see, D & N Boening v Kirsh Beverages,* 63 NY2d 449; *Cunnison v Richardson Greenshields Sec.,* 107 AD2d 50). Moreover, the circumstances alleged here do not estop defendant from invoking the Statute of Frauds *(see, Cunnison v Richardson Greenshields Sec., supra,* pp 52-53). Since plaintiff cannot prove an enforceable employment contract, his was an employment at will *(id.,* p 55) and, accordingly, defendant had an "unfettered right to terminate the employment at any time" *(Murphy v American Home Prods. Corp.,* 58 NY2d 293, 304; *see also, Cunnison v Richardson Greenshields Sec., supra,* p 55). As noted above, plaintiff's allegation of fraud is based upon the assertion that defendant never intended to honor its oral promise to perform the future act of providing plaintiff with steady and secure employment. This allegation is without merit since "[a] failure to perform promises of future acts is merely a breach of contract to be enforced by an action on the contract. A cause of action for fraud does not arise when the only fraud charged relates to a breach of contract" *(Tesoro Petroleum Corp. v Holborn Oil Co.,* 108 AD2d 607, *appeal dismissed* 65 NY2d 637; *see also, Chase v United Hosp.,* 60 AD2d 558, 559). Consequently, plaintiff fails to state a cause of action for fraud.

We have examined plaintiff's remaining contentions and find no issues of fact which would preclude the granting of summary judgment to defendant. The order should therefore be affirmed.

Order affirmed, without costs. Kane, Casey and Weiss, JJ., concur.

Mahoney, P. J., dissents and votes to reverse in a memorandum. Mahoney, P. J. (dissenting). In my view, plaintiff's allegations that defendant made assurances of continued employment to induce him to move to Maryland and never intended to honor the promises are sufficient to support a cause of action for fraud *(see, Brown v Lockwood,* 76 AD2d 721, 731). The failure to set forth detailed circumstances constituting the alleged fraud should not result in dismissal of the complaint since fraudulent conduct is inherently secretive such that the facts are within the peculiar knowledge of defendant *(see, Jered Contr. Corp. v New York City Tr. Auth.,* 22 NY2d 187, 194; *P.S. Auctions v Exchange Mut. Ins. Co.,* 105 AD2d 473, 475).