■ RUSSELL DALTON, Respondent, v UNION BANK OF SWITZERLAND, Appellant.—Order, Supreme Court, New York County (Andrew Tyler, J.), entered April 1, 1987, which, *inter alia,* denied defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), unanimously reversed, on the law, to the extent appealed from, the motion granted and the complaint dismissed, without costs or disbursements.

In May 1985, plaintiff was interviewed by defendant for employment as a senior bullion trader. The complaint alleges that, during the interviews, defendant represented that it was

interested in strengthening its bullion trading desk at its New York office to complement its operations in Zurich and Geneva and, although the bullion market was then quiet, it expected plaintiff's experience to result in enhanced business for the defendant in the future. Anticipating that its New York team would be prepared to move when metal trading increased in the next couple of years, plaintiff was hired "for the longer term" at an annual salary of $145,000, plus other fringe benefits—bonus, mortgage assistance, medical and accident insurance and pension benefits. Plaintiff claims that, in reliance on these representations, on June 17, 1985, he was induced to leave his former employment and join defendant. Almost six months later, on December 9, 1985, plaintiff's employment was terminated, on the ground that he was "not making money for defendant."

This action was commenced on August 28, 1986, the complaint containing five causes of action: (1) breach of the employment agreement; (2) fraudulent representations by defendant at the time plaintiff was hired, which induced him to leave his former job and accept employment with defendant; (3) promissory estoppel; (4) unjust enrichment; (5) prima facie tort. Each claim for relief sought damages in the sum of $500,000.

Defendant's motion to dismiss the complaint was denied, the IAS Justice concluding that there was a factual issue as to whether the agreement was one which could have been performed within one year under the Statute of Frauds in General Obligations Law § 5-701 (a) (1). Both parties agree, however, that the motion was not addressed to the issue of Statute of Frauds as a defense and the primary claim on the appeal is that plaintiff was an at-will employee and, as such, could have been discharged at any time, for any reason or for no reason.

On this record, we agree that the pleaded allegations of the complaint fail to state a cause of action. Plaintiff's employment was not for a specified period of time and, therefore, the hiring is presumed to be an employment at will. (*Martin v New York Life Ins. Co.,* 148 NY 117, 121; *Watson v Gugino,* 204 NY 535; *Sabetay v Sterling Drug,* 114 AD2d 6, 8, *affd* 69 NY2d 329; *Reale v International Business Machs. Corp.,* 34 AD2d 936, *affd* 28 NY2d 912.) This is "a relationship in which the law accords the employer an unfettered right to terminate the employment at any time." (*Murphy v American Home Prods. Corp.,* 58 NY2d 293, 304.)

Contrary to the holding by the Supreme Court, there is nothing in the record to suggest that plaintiff was employed

for a one-year period. Although plaintiff was to be paid on the basis of an annual compensation rate, this fact, as such, did not obligate defendant to retain him for that term or for any other period. *(See, Chase v United Hosp.,* 60 AD2d 558, 559.) Nor does plaintiff allege the existence of any express limitation on the employer's right of discharge, which, as it has been held, will be given effect notwithstanding that the employment contract was for an indefinite term. *(See, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458; *O'Connor v Eastman Kodak Co.,* 65 NY2d 724; *Kotick v Desai,* 123 AD2d 744; *Lapidus v New York City Ch.,* 118 AD2d 122; *Sabetay v Sterling Drug, supra; Tashiba Am. v Simmons,* 104 AD2d 649; *Patrowich v Chemical Bank,* 98 AD2d 318, *affd* 63 NY2d 541; *O'Donnell v Westchester Community Serv. Council,* 96 AD2d 885.)

As applied to our case, there are no allegations here that plaintiff was induced to leave his former employment with an assurance that he would not be discharged without just cause or that he rejected other employment offers in reliance on such an assurance. Further, he does not allege the existence of any written employment contract or other memorandum, personnel policy or procedure handbook which contained such an assurance. There is no allegation in the pleading nor any other proof in the record of any contractual limitation on the employer's right of discharge and, thus, this was an employment at will "which may be freely terminated by either party at any time for any reason or even for no reason". *(Murphy v American Home Prods. Corp., supra,* at 300; *Cunnison v Richardson Greenshields Sec.,* 107 AD2d 50, 55.) Accordingly, no action may be maintained for breach of contract.

Plaintiff's second cause of action for fraudulent misrepresentation is similarly deficient in that it is a restatement of the first cause of action for breach of contract. *(Chase v United Hosp., supra,* at 559; *Miller v Volk & Huxley,* 44 AD2d 810.) These and other cases hold that no cause of action for fraud is stated or exists where the only fraud charged relates to a breach of the employment contract.

The third cause of action does not properly state a claim sounding in promissory estoppel. The fact that defendant promised plaintiff employment at a certain salary with certain other benefits, which induced him to leave his former job and forego the possibility of other employment in order to remain with defendant, does not create a cause of action for promissory estoppel. *(See, Cunnison v Richardson Greenshields Sec., supra,* at 53; *see also, Ginsberg v Fairfield-Noble Corp.,* 81

AD2d 318, 320-321; *Swerdloff v Mobil Oil Corp.*, 74 AD2d 258, 263, *lv denied* 50 NY2d 913.) As we observed in *Ginsberg (supra,* at 321), quoting *Swerdloff (supra,* at 263), "a change of job, even with increased emoluments and advanced status, 'is not sufficient to call promissory estoppel into play'."

The fourth cause of action for unjust enrichment is similarly insufficient since this requires certain critical elements absent here. As often recognized, to impose a constructive trust as an equitable remedy, the following factors must be shown: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, (4) a breach of the promise, and (5) unjust enrichment. *(McGrath v Hilding,* 41 NY2d 625, 628-629; *Sharp v Kosmalski,* 40 NY2d 119, 121; *Zuch v Zuch,* 117 AD2d 397, 403-404, *lv denied* 68 NY2d 611; *Scivoletti v Marsala,* 97 AD2d 401, 402, *affd* 61 NY2d 806.) Plainly, the complaint here does not plead the elements of a claim for unjust enrichment, especially bearing in mind the allegation in this pleading which is a judicial admission, that plaintiff was criticized and ultimately discharged because defendant did not make any money from his services as a trader.

We also find the fifth cause of action for prima facie tort legally deficient on its face. Prima facie tort permits a recovery for the intentional infliction of harm, which results in special damages, without any excuse or justification, by an act or series of acts which would otherwise be lawful. *(Freihofer v Hearst Corp.,* 65 NY2d 135, 142-143; *ATI, Inc. v Ruder & Finn,* 42 NY2d 454, 458.) In order to properly plead a cause of action for prima facie tort, it is necessary to allege that the action complained of was solely motivated by malice or " 'disinterested malevolence' ". *(Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333; *see also, Curiano v Suozzi,* 63 NY2d 113, 117; *Alexander & Alexander v Fritzen,* 114 AD2d 814, 816, *affd* 68 NY2d 968.) As applied here, the complaint alleges that plaintiff was discharged because he was not making money for defendant, obviously a business-related reason, inconsistent with the "disinterested malevolence" or lack of excuse or justification needed to support a claim for prima facie tort. Moreover, a critical element of the cause of action is that plaintiff suffered specific and measurable loss, which requires an allegation of special damages. *(Freihofer v Hearst Corp., supra,* at 143; *Curiano v Suozzi, supra,* at 117; *ATI, Inc. v Ruder & Finn, supra,* at 458; *Morrison v National Broadcasting Co.,* 19 NY2d 453, 458; *Susskind v Ipco Hosp. Supply Corp.,* 49 AD2d 915.) Here, no special damages have

been alleged. Concur—Ross, J. P., Carro, Asch, Kassal and Smith, JJ.