■ Robert S. Bernard, Appellant, v Langan Porsche Audi, Inc., Respondent.—Mikoll, J. Appeal from an order of the Supreme Court (Kahn, J.), entered January 6, 1988 in Albany County, which, *inter alia,* granted defendant's cross motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to enforce an alleged oral contract for the purchase of a certain 1985 Audi automobile. The last negotiations for the sale of the Audi were carried on over the telephone on August 12, 1985. Defendant denies that any finalized agreement occurred. Plaintiff commenced this action on August 15, 1985, within 72 hours of the telephone negotiations. There was no written contract or other memorandum of agreement, and no cash or other deposit was given.

Plaintiff's initial complaint was dismissed. He was allowed to serve an amended complaint seeking specific performance. Thereafter, plaintiff moved for summary judgment and to further amend the complaint to seek recovery for monetary damages after plaintiff learned that the Audi was sold to another. Defendant cross-moved for summary judgment on the ground that even if an oral contract exists, its enforcement is barred by the Statute of Frauds. Plaintiff contended that the doctrine of promissory estoppel, an exception to the Statute of Frauds, is applicable and allows plaintiff to recover on the oral contract.

Supreme Court, in a decision denying plaintiff's motion and granting defendant's cross motion, found that although questions of fact were raised as to whether there was an oral contract which would require a trial, there was no triable issue of fact raised with respect to the question of equitable estoppel. Supreme Court then concluded that equitable estop-

pel was inapplicable to the facts in this case and, thus, that the Statute of Frauds barred recovery by the plaintiff. This appeal ensued.

Plaintiff argues that since Supreme Court found that questions of fact were raised as to whether an oral contract existed, a trial is necessary and it was error to dismiss the complaint. This argument overlooks the fact that Supreme Court properly held that promissory estoppel is inapplicable on the facts in any event and the Statute of Frauds therefore bars recovery. Defendant's conduct here was not so egregious or unconscionable as to invoke the doctrine of promissory estoppel (see, Grant v DCA Food Indus., 124 AD2d 909, lv denied 69 NY2d 612; Cunnison v Richardson Greenshields Sec., 107 AD2d 50; Swerdloff v Mobil Oil Corp., 74 AD2d 258, lv denied 50 NY2d 803, 913; see also, Goldberg v Manhattan Ford Lincoln-Mercury, 129 Misc 2d 123). Accordingly, the order of Supreme Court should be affirmed.

Order affirmed, with costs. Mahoney, P. J., Kane, Casey, Weiss and Mikoll, JJ., concur.