■ STUART A. JACKSON, Appellant-Respondent, v ITT CORPORATION et al., Respondents-Appellants. [633 NYS2d 785] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about November 18, 1994, which, *inter alia*, granted summary judgment to defendants and denied the par-

ties' respective requests for sanctions, unanimously affirmed, without costs.

There is no evidence that ITT Corporation, as distinct from the separate ITT Sheraton Corporation, at any relevant time was in contact with plaintiff or his partner, and on that basis the complaint against ITT Corporation was properly dismissed.

We find that the Massachusetts Statute of Frauds (Mass Gen L, ch 259, § 7) is applicable, Massachusetts having the greater interest in enforcing the rules of conduct for finders. Plaintiff and his partner tried contacting ITT Sheraton several times at its Boston headquarters, made and kept an appointment with a senior ITT Sheraton official in Boston, presented their initial and subsequent proposals in Boston, sent their correspondence to Boston and maintained telephone and postal contact with the same corporate official in Boston, and, if the putative finder's agreement had been proved, it would have been for all purposes a Boston contract. The Massachusetts statute specifically requires agreements to be in writing and signed by the party to be charged, or an authorized representative of such; the exemption for attorneys applies only in connection with compensation for the practice of law. Plaintiff manifestly is seeking a finder's, not an attorney's fee. Since the putative agreement was never reduced to writing and signed by an agent for ITT Sheraton, that agreement, even if its existence could have been verified, would have been void and unenforceable.

Even if we applied the New York Statute of Frauds (General Obligations Law § 5-701 [a] [10]), we would not enforce an otherwise void contract so as to permit an attorney to use his exempt status as an attorney to benefit a nonexempt party, plaintiff's partner (*see, e.g., Warshay v Guinness PLC*, 750 F Supp 628, *affd* 935 F2d 1278), an issue that plaintiff, as an attorney, has litigated before (*supra; Argo Mar. Sys. v Camar Corp.*, 755 F2d 1006; *Crabtree Automotive v BMW of N. Am.*, 105 AD2d 825).

The record also raises significant doubts about the veracity of plaintiff's basic allegations. Several of his present claims are contrary to the deposition testimony of his partner, and we reject plaintiff's belated efforts to deny that a partnership had existed. Additionally, documentation in the record makes clear that the targeted property had been made available for sale, and that ITT Sheraton had been privately contacted in that regard, even sending an employee to review the property, before it had ever been contacted by plaintiff. The paper trail that plaintiff and his partner prepared so as to construct an af-

filiation with ITT Sheraton appears to be no more than an attempted sleight of hand. However, even if that correspondence were credited, it does not support plaintiff's present claims, and cannot gainsay ITT Sheraton's preexisting activity in connection with the target property. Concur—Murphy, P. J., Sullivan, Wallach, Ross and Williams, JJ.