## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 1998-CT-01001-SCT

*ROBERT DUBARD*

*v.*

*BILOXI H.M.A., INC. d/b/a BILOXI REGIONAL MEDICAL CENTER*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 04/17/1998 |
| TRIAL JUDGE: | HON. KOSTA N. VLAHOS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT W. SMITH |
| ATTORNEYS FOR APPELLEE: | STEPHEN GILES PERESICH |
| | MARY A. NICHOLS |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | REVERSED - 6/15/2000 |
| MOTION FOR REHEARING FILED: | 6/20/2000; denied and opinion modified at paragraphs 2 & 5 3/8/2001 |
| MANDATE ISSUED: | 3/15/2001 |

**EN BANC.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

¶1. On writ of certiorari, we reverse the decision of the Court of Appeals and reinstate the trial court's grant of summary judgment.

¶2. Robert Dubard and his wife, Pat, had been employed as health care professionals in Grenada, and both were offered jobs at the Biloxi Regional Medical Center in April 1996. Both executed an applicant's statement in which they acknowledged that "employment will be conditioned upon a post-offer medical examination performed prior to employment." The statement also informed Dubard that his employment was at the will of his employer and could be terminated without notice. Pat Dubard commenced work immediately while Robert Dubard remained in Grenada to sell the family home. He eventually sold the house and moved to Biloxi in June 1996. The offer of employment was withdrawn on July 1, 1996, when Dubard reported for work. The grounds stated for withdrawal of the offer were failure to comply with the pre-employment processing which would have allowed Dubard to begin his employment on July 1, 1996 as scheduled.

¶3. Dubard filed an action in the circuit court for breach of contract, and the trial judge granted the employer's motion for summary judgment. A divided Court of Appeals reversed and remanded on grounds that there was a genuine issue of material fact as to whether Dubard was aware that completion of the

physical exam was a condition precedent to employment. ***Dubard v. Biloxi H.M.A. Inc.***, No. 1998-CA-01001 (Miss. Ct. App. July 20, 1999).

## DISCUSSION

¶4. "Courts have generally found that the mere detriment furnished by an employee in leaving one position and taking another does not constitute sufficient consideration []" to alter an employment-at-will contract. Tracy A. Bateman, Annotation, *Employer's State-Law Liability for Withdrawing, or Substantially Altering*, *Job Offer for Indefinite Period Before Employee Actually Commences Employment,* 1 A.L.R. 5th 401, 408 (1992) (footnote omitted). This Court has acknowledged the majority rule that "the termination of existing employment in reliance on an oral contract of employment, even for better pay, is only a necessary incident of being in the labor market . . . ." ***Bowers Window & Door Co. v. Dearman***, 549 So. 2d 1309, 1315 (Miss. 1989). The Fifth Circuit has also applied this rule where a prospective employee relocated in reliance on a purported offer of employment. ***Solomon v. Walgreen Co.,*** 975 F.2d 1086, 1091-92 (5th Cir. 1992). Dubard's termination of his employment in Grenada and his relocation to Biloxi were insufficient to show that he relied on the employment offer to his detriment. Further, the offer of employment was conditioned upon a medical examination of which Dubard had written notice and to which he had acceded.

¶5. Equitable estoppel is "defined generally as the principle by which a party is precluded from denying any material fact, induced by his words or conduct upon which a person relied, whereby the person changed his position in such a way that injury would be suffered if such denial or contrary assertion was allowed." ***Koval v. Koval***, 576 So.2d 134, 137 (Miss. 1991). Here, the employer denies no material fact but instead readily admits that its offer of employment was conditioned on the successful completion of the physical examination. Dubard failed to take a tuberculosis test before July 1. Accordingly, summary judgment was properly granted, and the Court of Appeals erred in holding otherwise.

## CONCLUSION

¶6. The Court of Appeals erred in reversing and remanding the matter for a hearing, and its decision is, therefore, reversed, with the result that the trial court's judgment is reinstated and affirmed.

¶7. **REVERSED.**

> **PRATHER, C.J., BANKS, P.J., McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**