James VANNOY, Plaintiff–Appellant,

v.

SAKS INC; James Coggin, Defendants–Appellees.

No. 03–60662.
Summary Calendar

United States Court of Appeals, Fifth Circuit.

Feb. 9, 2004.

John L. Maxey, II, Charles R. Saltzman, Maxey, Wann, Fyke & Hawkins, Jackson, MS, for Plaintiff-Appellant.

Dennis L. Horn, Shirley S. Payne, Horn & Payne, Madison, MS, for Defendant-Appellee.

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM.*

Plaintiff–Appellant James Vannoy appeals the district court's order granting summary judgment on his contract claim in favor of Appellees Saks, Incorporated and James Coggin. Vannoy filed suit alleging that Saks induced him into accepting early medical retirement by making oral promises that Vannoy would obtain future employment with Saks. The district court dismissed Vannoy's claims, rejecting his promissory estoppel claim and concluding that the alleged oral contract was barred by Mississippi's statute of frauds.[1] We AFFIRM.

I

Vannoy first began working with McRae's Department Store, the predecessor-in-interest to Saks, in 1980. He worked for the companies for approximately nineteen years, eventually attaining the position of Senior Vice President and Chief Information Officer. His employment contract expired on April 1, 1998, and shortly thereafter, in early 1999, Vannoy's health began to deteriorate. Appellee James Coggin, the President and CEO of Saks, informed Vannoy that Saks could provide him with a severance package if he accepted medical retirement. According to Vannoy, Coggin also made oral promises that Vannoy would be called back to work in some capacity as a consultant for Saks.

Vannoy eventually decided to accept the medical severance package, in part because of Coggin's promise that he would receive future employment with Saks. Under the retirement package, Vannoy received his full yearly salary of $224,000 in 1999, $100,000 per year in 2000 and 2001, his 1998 bonus, various stock options, and health insurance until age 65. The financial terms of the retirement package were set forth in a series of letters between Vannoy and Saks, but Coggin's alleged oral promises to provide future employment were not mentioned in any writing.

Following his retirement, Vannoy had several meetings with Coggin, during which Coggin repeated his promises of future employment. For example, Coggin reassured Vannoy that he would "make good on his promise" of continued employment with Saks; that he was working on a position for him; that he could work for as long as he wanted with Saks; and that he would "end up making more money" as a consultant than he did as Senior Vice President.

In January 2002, Vannoy concluded that Saks did not intend to provide him future employment when Coggin refused to meet with him. He filed suit shortly afterward. Relying on the doctrine of promissory estoppel, Vannoy alleged that Saks and Coggin induced him to his detriment to accept a medical retirement package by making oral promises of future employment. He sought to recover wages and other damages lost as a result of his retirement. The district court rejected his arguments, granting summary judgment to Saks and Coggin.

We review a district court's grant of summary judgment de novo, applying the same standards as the district court.[2] Summary judgment is appropriate when the summary judgment evidence shows

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. MISS.CODE ANN. § 15–3–1(d).

2. *Daniels v. City of Arlington,* 246 F.3d 500, 502 (5th Cir.2001).

"that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[3] The parties agree that Mississippi law governs the interpretation of Vannoy's contract and promissory estoppel claims.[4]

## II

Vannoy argues that he relied on Coggin's promises of future employment to his detriment, and urges that the doctrine of promissory estoppel compels Saks to stand by its commitments. He argues that the district court incorrectly weighed his employment status to determine that promissory estoppel did not apply. He also argues that the court erred in concluding that promissory estoppel could not overcome the requirements of the statute of frauds.

■ Mississippi has long recognized that promissory estoppel can render an otherwise non-enforceable promise enforceable in order to prevent injustice. To prevail on a claim of promissory estoppel under Mississippi law, a plaintiff must prove that the defendant made a promise on which the plaintiff reasonably relied to his detriment.[5] Vannoy cannot satisfy this standard because he cannot demonstrate that his decision to terminate his employment constituted a sufficient detriment to justify imposition of promissory estoppel.

Even if Vannoy's decision to retire was induced by Coggin's promises of unspecified future employment, his claim of promissory estoppel fails under Mississippi law. The Mississippi Supreme Court has clearly and consistently held that " 'a change of job ..., by itself, is insufficient to trigger invocation of the promissory estoppel doctrine.' "[6] In *Bowers Window and Door Company, Inc. v. Dearman*, for example, the court rejected the plaintiffs efforts to enforce an oral employment contract based on promissory estoppel, even though the defendant's promises of future employment had induced the plaintiff to surrender his current position.[7] Like the plaintiff in *Bowers*, Vannoy did not relinquish any rights by retiring in May 1999. He does not dispute that he was an employee-at-will and was not entitled to receive retirement benefits.[8] He could be discharged by Saks at any time for "a good reason, a wrong reason, or no reason."[9] Under these circumstances, Vannoy, like the

3. FED. R. CIV. P. 56.

4. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

5. *Sanders v. Dantzler*, 375 So.2d 774, 776–77 (Miss.1979).

6. *Bowers Window & Door Co. v. Dearman*, 549 So.2d 1309, 1315 (1989) (quoting *Cunnison v. Richardson*, 107 A.D.2d 50, 485 N.Y.S.2d 272, 275 (N.Y.App.Div.1985)); *see also Dubard v. Biloxi H.M.A., Inc.*, 778 So.2d 113 (Miss. 2000); *Solomon v. Walgreen Co.*, 975 F.2d 1086, 1091–92 (5th Cir.1992) (applying Mississippi law).

7. *Bowers*, 549 So.2d at 1314–15.

8. Vannoy makes some reference in his brief that he "lost the value of future retirement benefits" by accepting medical retirement. He does not, however, specify what these retirement benefits were, nor does he demonstrate why he was entitled to receive them. Indeed, he never disputes or denies—either in his brief to this court or in his response to Saks's summary judgment motion—Saks's consistent assertions that, as an at-will employee, he was not entitled to receive any retirement or severance package. As a result, he failed to meet his burden to produce evidence that he relinquished "future retirement benefits." *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir.2000).

9. *Kelly v. Mississippi Valley Gas Co.*, 397 So.2d 874, 874–75 (Miss.1981).

plaintiff in *Bowers,* cannot rely on promissory estoppel to enforce Coggin's promises of future employment.

 For similar reasons, he cannot escape the application of Mississippi's statute of frauds. Section 15–3–1 of the Mississippi Code requires that "any agreement which is not to be performed within the space of fifteen months from the making thereof" cannot be enforced unless the agreement is in writing. Vannoy does not dispute that Coggin's alleged oral promises were never embodied in any writing, even though the other terms of his retirement package were contained in letters and other documents. Although promissory estoppel can override the writing requirement in appropriate cases, Vannoy has not demonstrated sufficient detriment to justify overriding the statute of frauds.[10]

 Finally, even if Vannoy could demonstrate sufficient detriment, Coggin's promises of future employment in this case are simply too vague and indefinite to support application of promissory estoppel.[11] Beyond Coggin's vague claims that Vannoy would "end up making more money," there was no discussion of salary, hours, responsibilities, or starting date. Indeed, Coggin never even specified what position Vannoy would fill, referring only vaguely to a consulting or training position. Under the circumstances, Coggin's alleged promises were simply too vague to support a promissory estoppel claim.

10. *Bowers,* 549 So.2d at 1314–1316. Vannoy, it should be noted, never contended that the promised consulting position would terminate within the fifteen month statutory period.

11. *Howell v. General Contract Corp.,* 229 Miss. 687, 91 So.2d 831, 834–35 (1957) (rejecting a claim that an indefinite, vague oral promise created a binding obligation); *see also Clark v. Kellogg Co.,* 205 F.3d 1079 (8th Cir.2000)

## III

For the foregoing reasons, the judgment of the district court is AFFIRMED.

(holding that an employer's alleged offer of "permanent, full-time employment" was too indefinite to support employees' promissory estoppel claim because the parties never agreed to a specific starting date, salary, benefits package, or work schedule).