■ THE LAUREL HILL ADVISORY GROUP, LLC, Plaintiff, v AMERICAN STOCK TRANSFER & TRUST COMPANY, LLC, et al., Defendants. JOHN SIEMANN, Counterclaim Plaintiff-Appellant, v THE LAUREL HILL ADVISORY GROUP, LLC, et al., Counterclaim Defendants-Respondents. [977 NYS2d 213]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered August 27, 2012, which granted the motion brought by counterclaim defendants The Laurel Hill Advisory Group LLC (Laurel Hill), Dr. William Catacosinos, James Catacosinos, and William Catacosinos to dismiss the counterclaims for a declaratory judgment entitling counterclaim plaintiff John Siemann to a membership interest in Laurel Hill, breach of contract, breach of fiduciary duty, promissory estoppel, and fraud, unanimously modified, on the law, the claims for declaratory judgment, breach of contract, and breach of fiduciary duty reinstated, and otherwise affirmed, without costs.

According counterclaim plaintiff Siemann the benefit of every favorable inference on the allegations (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]), we find that he has not conceded that the written operating agreement establishing that he is not a member of Laurel Hill was executed before the alleged oral agreement pursuant to which he maintains he is entitled to a 10% membership interest in the company. Rather, he contests the validity of the document, argues that the counterclaim defendants failed to produce it despite his numerous requests for a written agreement, both prior to the commencement of this litigation as well as in his discovery requests in the main action, and only produced it in support of their motion to dismiss his counterclaims. The dispute over the validity of the written agreement and the inconsistent terms between that agreement and the alleged oral agreement raise factual issues that cannot be resolved at this juncture (see Parekh v Cain, 96 AD3d 812, 815 [2d Dept 2012]; Cottone v Selective Surfaces, Inc., 68 AD3d 1038, 1039 [2d Dept 2009]).

Siemann, however, failed to properly plead a claim for promissory estoppel. He has not shown that it would be unconscionable to deny enforcement of the oral promise that resulted in his resigning from his previous employment to work for Laurel Hill (see Dalton v Union Bank of Switzerland, 134 AD2d 174, 176-177 [1st Dept 1987]; Cunnison v Richardson Greenshields Sec., 107 AD2d 50, 53 [1st Dept 1985]), since he alleges that the

only contribution he made to obtain a membership interest was his services and he was compensated for those services with a salary.

The fraud claim was also properly dismissed. Siemann argues that this claim is based on the fact that he repeatedly asked for a written agreement and that Dr. Catacosinos represented that he was working on a draft agreement but, as noted above, failed to produce one until after this action was commenced and then produced a document failing to provide for Siemann's 10% interest in the company. Although this shows a misrepresentation regarding the agreement, Siemann fails to argue reasonable reliance on this misrepresentation. To the extent he contends that he reasonably relied on counterclaim defendants' representations that he would have a 10% ownership interest in Laurel Hill, the fraud claim is duplicative of the breach of contract claim (*Mañas v VMS Assoc., LLC*, 53 AD3d 451, 453-454 [1st Dept 2008]). The fraud alleged is based on the same facts that underlie the contract counterclaim, is not collateral to the contract and does not call for damages that would not be recoverable under a contract theory (*see J.E. Morgan Knitting Mills v Reeves Bros.*, 243 AD2d 422 [1st Dept 1997]). Concur—Mazzarelli, J.P., Renwick, DeGrasse, Feinman and Gische, JJ.