(95 Misc. Rep. 551)

## MARX v. NEW YORK RIBBON CO.

(Supreme Court, Appellate Term, First Department.　June 26, 1916.)

1. MASTER AND SERVANT &41(1)—ACTION FOR WRONGFUL DISCHARGE—DAMAGES.

In a servant's action for breach of a contract of employment by wrongful discharge, plaintiff is entitled to recover as damages for breach of the contract such sum as it is reasonably certain he will lose by the breach.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 12, 50, 52; Dec. Dig. &41(1).]

2. MASTER AND SERVANT &43—ACTION FOR WRONGFUL DISCHARGE—QUESTION FOR JURY.

In an action for wrongful discharge, the question as to the sum it is reasonably certain plaintiff will lose by the breach of the contract of

&For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

employment *held* for the jury, upon reasonable conjecture and probable estimate.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 57, 58; Dec. Dig. ☞43.]

3. MASTER AND SERVANT ☞42(1)—ACTION FOR WRONGFUL DISCHARGE—DAMAGES.

In a servant's action for wrongful discharge, ordinarily the damages would presumptively be the amount of wages due at time of trial, less actual earnings up to that time, and those that would have become due after the trial being reduced by the amount of his future earnings.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 54; Dec. Dig. ☞42(1).]

4. MASTER AND SERVANT ☞40(1)—ACTION FOR WRONGFUL DISCHARGE—EVIDENCE—PRESUMPTION.

The fact that an employé, after his discharge, became ill, furnishes no presumption, in the absence of proof of the character of the illness, that the illness would have arisen, had be continued in the employment, or would have justified a suspension of payment on the part of the employer.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 47; Dec. Dig. ☞40(1).]

5. MASTER AND SERVANT ☞40(3)—ACTION FOR WRONGFUL DISCHARGE—EVIDENCE—SUFFICIENCY.

In a servant's action for wrongful discharge, where plaintiff had made all reasonable effort to find other employment and failed to do so, evidence of his illness after the discharge, *held* insufficient to justify a finding that, had he continued in defendant's employ, he would not have been able to fully perform his contract.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 49; Dec. Dig. ☞40(3).]

Bijur, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Max Marx against the New York Ribbon Company. From a judgment for plaintiff, defendant appeals, and plaintiff cross-appeals. Upon defendant's appeal, judgment affirmed; and upon plaintiff's cross-appeal, judgment modified.

Argued June term, 1916, before GUY, BIJUR, and PHILBIN, JJ.

Nathaniel Phillips, of New York City (Henry Marx, of New York City, of counsel), for appellant.

Loeb, Bernstein & Ash, of New York City (Mortimer B. Bernstein, of New York City, of counsel), for respondent.

GUY, J. The action is for breach of contract of employment. A cross-appeal by plaintiff from the same judgment on the ground of inadequacy is also on the calendar at this term.

[1-3] The employment of plaintiff and his unjustifiable discharge by the defendant is clearly proven. The employment was at a salary of $40 per week. At the time of the wrongful discharge, plaintiff became entitled to recover as damages for the breach of the contract such sum as it is reasonably certain actually might follow such breach determinable approximately by a jury upon reasonable conjecture and probable estimate. Davis v. Dodge, 126 App. Div. 469, 471, 110 N.

Y. Supp. 787; Wakeman v. Wheeler & Wilson Mfg. Co., 101 N. Y. 205, 4 N. E. 264, 54 Am. Rep. 676. Ordinarily such damages would presumptively be the amount of the employé's wages or salary due at the time of the trial, less his actual earnings up to that time, and those that would have become due after the trial being reduced by the amount of his ·future earnings. Am. China Development Co. v. Boyd (C. C.) 148 Fed. 258. In Davis v. Dodge, supra (Gaynor, J., writing the opinion), the court says:

"The rule is settled in England and here that the employé has an immediate right of action on the breach for his entire damage. * * * The question must therefore come down to one of proof; i. e., the plaintiff may recover all the damages he can prove, whether up to the time of the trial, or not up to that time, or up to the end of the contract period, whether it be before or after the trial. * * * Plaintiff in such an action, the same as in other actions, should be able to recover such damages as may be fairly or reasonably estimated from his proofs, taking all the facts, probabilities, certainties, and uncertainties into consideration."

In Cutter v. Gillette, 163 Mass. 95, 39 N. E. 1010, the court held:

"For this breach he [the plaintiff] can have but one action. In estimating his damages the jury have the right to consider the wages which he would have earned under the contract, the probability whether his life and that of the defendant would continue to the end of the contract period, whether the plaintiff's working ability would continue, and any other uncertainties growing out of the terms of the contract, as well as the likelihood that the plaintiff would be able to earn money in other work during the time."

[4, 5] But while proof of condition of health of the plaintiff before his discharge, or of his death thereafter during the term of the contract, as bearing upon the question of his ability to perform his contract for the entire term, may be considered by the jury where the facts and circumstances proven furnish a competent basis for such consideration, the mere fact of illness after his discharge does not furnish such competent basis for the consideration of the jury. The fact that the employé, after his discharge, became ill furnishes no presumption, in the absence of proof of the character of the illness, that the illness would have arisen had he continued in his employment or that it would have been of such a character as, under the terms of his employment, would have justified a suspension of payment on the part of the employer. In the absence of competent evidence as to the nature and character of the illness and the circumstances under which it developed, it is reasonably to be inferred that the illness might result from the character of some new employment, which the employer's breach had compelled the employé to undertake, to lack of earnings sufficient to properly maintain health, because of his wrongful discharge, or to various other causes which might not have existed, had he been allowed to continue his employment under his contract. To permit an employer guilty of breach of his contract to thus derive advantage from the probable results of his wrongful act would be subversive of justice. In this case there is not a scintilla of proof which would justify the jury in finding that, had plaintiff continued in defendant's employ, he would have been unable to fully perform his contract. The presumption is that he would have been able to perform his contract and enjoy the full benefits thereof. The evidence shows that he made

all reasonable effort to obtain other employment and failed to do so. The trial judge, acting without a jury, erred, therefore, in giving judgment only for the amount of salary he would have earned for three out of the seven weeks of the unexpired term of the contract broken by defendant. Plaintiff was entitled to judgment for the salary for the full unexpired term of seven weeks at $40 per week, amounting to·$280.

The judgment must therefore, upon plaintiff's appeal, be modified, by changing the amount to $280, with appropriate costs in the court below, and, as so modified, affirmed, with $25 costs of appeal to the plaintiff. Upon defendant's appeal judgment affirmed with $25 costs to plaintiff.

PHILBIN J., concurs.

BIJUR, J. I dissent, on the ground that where an action is brought for a wrongful discharge after the term of the original employment has ended, and defendant shows that plaintiff was incapacitated by illness from working and thereby from earning wages during a period within the term, the damages recoverable should be reduced by the amount of the compensation provided by the contract of employment for the period of incapacity. Hughes v. Toledo Scale Co., 112 Mo. App. 91, 101, 86 S. W. 895 (inadvertently cited for the contrary proposition in Labatt on Master and Servant, section 396, subd. "f," page 1205). I do not doubt that there may be cases in which the plaintiff may in reply be able to show that such deduction should not be made, but there is no suggestion, either by way of proof or argument, of any such condition in the case at bar.

In my opinion the judgment should be affirmed.