Per Curiam.

The court below, holding that there were no damages sustained by plaintiff, did not rule on the question of liability. Scrutiny of the record impels the conclusion that a written renewal contract for six months was entered into whereby defendant employed plaintiff as a singer. It is also clear that defendant breached the renewal contract by terminating plaintiff’s employment after a five-week period.
*1002 Regarding damages, it has been aptly observed that ‘ ‘ the burden of proof is on the master to show either that the servant has found employment elsewhere, or that other employment has been offered, or, at least, that other employment might have been found, the servant is not bound to show affirmatively, as part of his case, that other employment was sought for and could not be found ” (Clark, New York Law of Damages, § 309). The illness of a servant does not ipso facto end his engagement unless so specified in the agreement. It only gives the employer the option to terminate it under appropriate circumstances. In the case at bar, plaintiff’s illness occurred after termination by the employer of the renewal contract which contract is silent as to the effect of illness on the part of the servant. It is clear that the employment was not terminated by the plaintiff’s illness. Defendant having thus breached the renewal contract may not assert a privilege open to it only had it kept the agreement, namely a benefit equivalent to the discharge of the plaintiff for inability to render the service. This would contravene the fundamental principle of law that no man shall take advantage of his own wrong. (See Bassett v. French, 10 Misc. 672.)
“ The general doctrine of avoidable consequences applies to the measure of damages in actions for breach of contract. Thus, the damages awarded to the nondefaulting party to a contract will be determined and measured as though that party had made reasonable efforts to avoid the losses resulting from the default * * * If the court determines that he has not acted reasonably to avoid damages, the actual award of damages for the breach will be reduced by the amount which could have been reasonably avoided. On the other hand, if the court decides that the nondefaulting party has made reasonable efforts to minimize defendant’s damages, the award will not be limited by the doctrine of avoidable consequences ”. (22 Am. Jur. 2d, Damages, § 33; see 5 Corbin, Contracts, § 1039). The nature and circumstances of plaintiff’s alleged illness are germane to the application or nonapplication of this doctrine. (Marx v. New York Ribbon Co., 95 Misc. 551.)
The judgment should be reversed, with $30 costs, judgment directed for plaintiff, and case remitted to court below for the assessment of plaintiff’s damages.
Concur — Fine, J. P., Lupiano and Quinn, JJ.
Judgment reversed, etc.