Jacob Markowitz, J.
This purports to be an action for declaratory judgment in which ancillary preliminary and permanent injunctive relief is sought. At issue, however, is the propriety of (1) certain actions .taken by the board of directors of Stress Comprehensive Housing Services (Stress), a not-for-profit corporation engaged in assisting low income persons with housing problems, and (2) the administrative review thereof. Neither the constitutionality nor .the applicability of the regulations pursuant to which the specified actions were taken and the administrative review conducted are attacked. What is actually sought, aside from the specified injunctive relief, is certiorari, and, to a limited extent, mandamus (CPLR art. 78), and not declaratory judgment. Accordingly, the court shall
*874 deem the instant application as a special proceeding under CPLR article 78 and the complaint shall be deemed to be a petition (24 Carmody-Wait 2d, New York Practice, § 147 :8; Board of Educ. of Cent. High School Hist. No. 2 v. Allen, 25 A D 2d 659; Industrial Group Serv. v. Cantor, 24 A D 2d 1032). The caption is amended to reflect the status of the parties as petitioner and respondents, respectively.
Petitioner is a former director (chief executive officer) of Stress. Stress operates as a community action program funded by the Federal Office of Economic Opportunity (OEO). In this regard the OEO allocates funds to the New York City Human Resources Administration for distribution to various community action corporations (also known as delegate agencies) such as Stress. The City Community Development Agency (CDA) is responsible for assuring that the various community action programs are operable, and the City Council Against Poverty (CAP) has the decision making responsibility for the OEO funds and determining over-all program plans.
The petitioner claims that on April 16, 1973 she was improperly terminated, purportedly for cause, as the director of Stress, and she now moves for a mandatory preliminary injunction directing, inter alia, that she be restored to that position. The respondents consist of the chairman of the board of Stress, various other members of its board of directors, the chairman of CAP, the members of the due process panel of CAP, the acting commissioner of CDA and the commissioner of the Human. Resources Administration.
Although a not-for-profit corporation, like any other corporation, may normally discharge an executive officer or employee, who is not under contract for a fixed term, at any time and without cause, Stress as a “ delegate agency ” is subject to Office of Economic Opportunity Memorandum No. 23-A (CAP Memo No. 23-A), dated August 26, 1966, which provides:
1 ‘ Employee grievances. Employee grievances shall be given prompt and fair consideration. Grantee and delegate agencies shall make provisions for review of personnel actions by the governing body or a committee appointed by the governing body in any case in which there is a claim of unfair treatment or of dismissal without cause.” Pursuant to CAP Memo No. 23-A, CDA and CAP have promulgated various regulations, which require that certain ‘ ‘ due process steps ■’ ’ be followed in connection with the termination of delegate agencies’ employees. Ten such steps (hereafter “ due process steps ”) have been specifically promulgated with regard to the termination of a *875 director of a delegate agency. The controversy-between the parties involves whether Stress acted properly in terminating .the petitioner and complied with the due process steps. The respondents contend that the .termination of the petitioner adequately complied with the due process steps.
Included within the due process steps are various stages of administrative review from .the delegate agency’s initial decision terminating a director or employee. That review arises from the right of the terminated party to appeal the delegate agency’s action to the CDA and the right of either party to appeal the CDA’s decision to CAP. Although upon such an appeal by the petitioner to CDA, the CDA found in favor of the petitioner, upon Stress’s appeal to CAP, the due process panel of CAP determined that Stress had afforded the petitioner due process, as required, thus confirming the propriety of the petitioner’s termination by Stress.
An examination of the record of both the proceedings conducted by Stress, and the subsequent administrative review thereof, discloses that the respondents diligently attempted to afford the petitioner all of her rights under the due process steps and the resulting proceedings in which the petitioner participated, represented by counsel, effectively provided her due process as required. Bather than demonstrate the clear right to relief necessary for the preliminary injunctive relief sought, the petitioner, at the most, has demonstrated possible technical irregularities during the course of the lengthy administrative proceedings, which irregularities do not appear to have resulted in any impairment of her substantive rights.
In the recent proceeding (CPLR art. 78) of Matter of Bordelay (N. Y. L. J., March 7, 1974, p. 2, cols. 2-3), the petitioner, as in the instant case was a former employee of a delegate agency and alleged that he had been improperly terminated in violation of promulgated due process steps. Judge Greenfield, in dismissing the petition, observed in pertinent part: “ the Council Against Poverty and the Human Besources Administration duly afforded the petitioner the hearings to which he was entitled * * * and * * * these agencies properly concluded that the petitioner had received the essential elements of due process by getting the notice of charges and an opportunity for a hear- • ing prior to his .termination * * *. As noted by McQuillin, Municipal Corporations (Third Edition) section 12.2666: ‘ Usually the courts will assume jurisdiction to ascertain whether the removing officer or body had jurisdiction and whether the proceedings were conducted legally. Indeed, the view has been *876 expressed that appeal brings before the court only the validity of the proceedings required by law before the removal is made. The court may consider the whole record on the issue of fairness of the administrative hearing. If nothing appears in the record before the reviewing court to imply that the proceedings before the removing body were defective, the court will presume in favor of the proceedings. While there has been compliance with procedural requirements the court will not review the merits of a dismissal.”
The petitioner has failed to demonstrate that the respondents acted unreasonably, improperly or exceeded their authority. Under the stated circumstances the petitioner is not entitled to the relief sought and her application is denied in all respects, and the petition is dismissed.