■ ANDREW J. WILLIAMS, SR., Respondent, v ACTION FOR A BETTER COMMUNITY, INC., Appellant.—Judgment unanimously affirmed, with costs. Memorandum: The action was brought to recover damages for defendant's wrongful discharge of plaintiff from his position as work foreman in charge of defendant's fix-up team. Under defendant's personnel practices code plaintiff was a permanent employee and could only be discharged for justifiable cause (see *Parker v Borock,* 5 NY2d 156, 159; *Williams v Byron,* 78 Misc 2d 873, 874). The issues before the jury were (1) whether plaintiff violated defendant agency's procedures, justifying his discharge and (2) whether plaintiff's dismissal was motivated by reasons unrelated to his work performance. Defendant urges that the court committed reversible error in admitting into evidence facts relating to multiple violations of its policies by its executive director, Mr. McCuller, who was plaintiff's immediate supervisor. We think that this was not error, for the evidence tends to show that the actual policies of the agency were different from those contained in the formal code procedures. Moreover, since the executive director had the primary responsibility to hire and fire, and defendant's board of directors adopted his recommendation to discharge plaintiff, the evidence relating to violations of the procedures by the executive director were properly received with respect to possible ulterior motives, in light of the fact that the Federal Bureau of Investigation was investigating irregularities which might well have reflected upon the executive director as well as the plaintiff. Defendant also complains about the court's charge. We find no error in the respects urged. We are constrained to note, however, that the court erred in defendant's favor (1) in charging that plaintiff had the burden to prove that his discharge was without justification *(Felsen v Sol Cafe Mfg. Corp.,* 24 NY2d

682, 685–686; Richardson, Evidence [10th ed], § 110), whereas in fact defendant had the duty to plead and prove it as a defense, which it did not do *(Linton v Unexcelled Fireworks Co.,* 124 NY 533, 537–538; *Fox v Schrader Corp.,* 36 AD2d 591). The court also erred in charging that plaintiff had the burden to prove in mitigation of damages that similar employment was not available to him elsewhere, for that was defendant's burden *(McCelland v Climax Hosiery Mills,* 252 NY 347, 351; *Milage v Woodward,* 186 NY 252, 257–258; *Papaioannou v Sirocco Supper Club,* 75 Misc 2d 1001). The evidence supports the implicit finding that plaintiff's failures in procedures were excusable and his discharge was wrongful *(Rudman v Cowles Communications,* 30 NY2d 1, 5). The charge with respect to damages was fair and the award was supported by the evidence. (Appeal from judgment of Monroe Supreme Court in action to recover wages.) Present—Cardamone, J. P., Mahoney, Dillon, Goldman and Witmer, JJ.