■ DAVID EDWARDS, Appellant, v CITIBANK, N. A., Respondent.—Order of the Supreme Court, New York County, entered August 6, 1979, granting summary judgment to defendant, and the judgment entered thereon on August 13, 1979, both affirmed, without costs. Plaintiff was first employed by defendant on March 15, 1972. On November 14, 1974, he became part of defendant's international staff. His employment was terminated on February 9, 1978. This action followed. The complaint sets forth three causes of action. The first purports to allege a breach of contract; the second, an alleged violation of the public policy of this State and of the United States; and the final cause is for a claimed violation of defendant's rights under the First and Fourteenth Articles of Amendment to the Federal Constitution. Defendant's motion for summary judgment was granted and this appeal followed. We are all in agreement that the second and third causes of action cannot survive the motion *(Chin v American Tel. & Tel. Co.,* 96 Misc 2d 1070, affd 70 AD2d 791, mot for lv to app den 48 NY2d 603; *Marinzulich v National Bank of North Amer.,* 73 AD2d 886). Our dissenting brother is in agreement with us that the first cause is defective in its present form. Nevertheless, he is of the opinion that conceivably a claim may be made out and, accordingly, he would modify to deny summary jdugment on that count and grant leave to replead. We disagree. It is undisputed that plaintiff's employment was without specific termination date. As such it was termina-

ble at will *(Parker v Borock,* 5 NY2d 156). The issuance of a manual by the employer, setting forth the conditions of employment, which may unilaterally be amended or withdrawn, does not create an equitable estoppel which would preclude the employer from terminating an employee's employment except in compliance with the manual. It does not create an obligation on the part of the employer to continue the employment of the employee for life, subject only to the conditions set forth in the manual *(Chin v American Tel. & Tel. Co., supra; Marinzulich v National Bank of North Amer., supra),* while leaving the employee free to terminate his employment at any time and for any or no reason. We think that the dissent's reliance upon *Brown v American Council of Life Ins.* (73 AD2d 533) and *Williams v Action for a Better Community* (51 AD2d 876) is misplaced. *Brown* involved the issue of whether the employee, a vice-president of defendant, had the right to rely on a memorandum fixing a specific termination date. In *Williams* the precise issue here tendered was not raised. There the defendant seems to have agreed that the employee manual imposed a contractual obligation upon it and sought to establish that the discharge was effected in conformity therewith. That case is not authority for the point here urged. Concur—Murphy, P. J., Silverman, Bloom and Lynch, JJ.

Kupferman, J., dissents in part in a memorandum as follows: The order and judgment appealed from should be modified to deny summary judgment to the extent of granting plaintiff leave to replead solely on the breach of contract claim, and, as so modified, otherwise affirmed. Plaintiff-appellant Edwards was an employee of defendant-respondent Citibank from March 1, 1972 until his discharge on February 9, 1978. In November, 1974, Edwards was assigned to Citibank's international staff and worked in the area of currency trading operations. In his capacity as assistant vice-president, he became familiar with various banking procedures and practices of defendant, which he later questioned through internal channels as improper and violative of existing laws. He claims he was wrongfully terminated by defendant on account of his efforts to correct or eliminate these alleged abuses. The parties agree that no permanent employment contract existed upon commencement of employment. At issue here is whether Edwards, whose employment contract was terminable at will, was entitled to the benefit of procedures set forth in various personnel handbooks and manuals, which modified this employment arrangement so that he could be terminated only for the specific reasons stated therein. These stated policies are issued unilaterally by Citibank and amended without consulting those affected. If these criteria are determined to constitute a binding obligation on defendant, plaintiff would be entitled to go forward with proof on a claim for breach of contract on the ground that defendant did not comply with its own restrictions on termination. While it is conceded that employment contracts not for a specific term are terminable at will *(Parker v Borock,* 5 NY2d 156), where an employer has voluntarily issued employment policies specifically governing the terms and conditions of employment, this additional factor can thereby create a mutuality of obligation which may be enforceable by both parties (cf. *Parker v Borock, supra,* at p 159; see *Carter v Kaskakia Community Action Agency,* 24 Ill App 3d 1056). This voluntary act of issuing these specific representations, upon which an employee may rely to his detriment, may also create a quasi-contractual duty so that the employer is equitably estopped from terminating employment except on the specifically stated grounds. (See *Brown v American Council of Life Ins.,* 73 AD2d 533; *Williams v Action for a Better Community,* 51 AD2d 876, mot for lv to app den 39 NY2d 708.) Although plaintiff does allege a breach of,

contract as one of his causes of action, his pleadings are complicated by inclusion of detailed allegations and background material concerning the alleged reason for defendant's decision wrongfully to discharge him and somewhat deficient in fully pleading the elements of a binding employment contract or detrimental reliance on the employer's representations. [100 Misc 2d 59.]