■ WALTON L. WEINER, Respondent, v McGRAW-HILL, INC., Appellant. — Order, Supreme Court, New York County (Pecora, J.), entered January 8, 1981, insofar as it denied defendant McGraw-Hill's motion to dismiss the first cause for legal insufficiency, reversed, on the law, and motion granted, without costs. Plaintiff Weiner completed, signed and filed an employment application with defendant McGraw-Hill, Inc., in September of 1969. The application stated that plaintiff's employment would be subject to the provisions in the McGraw-Hill Employees Handbook on Personnel Policies and Procedures (the handbook). The handbook provided, *inter alia,* that: "The company will resort to dismissal for *just and sufficient cause only,* and *only after* all practical steps toward rehabilitation or salvage of the employee have been taken and failed. However, if the welfare of the company indicates that dismissal is necessary, then that decision is arrived at and is carried out forthrightly." The plaintiff was hired by the defendant McGraw-Hill in October of 1969. His application had been signed by the original interviewer and the supervisor who approved plaintiff's hiring. During the ensuing eight years, plaintiff received promotions and salary increases. Nonetheless, in February of 1977, he was terminated for a "lack of application". The plaintiff served the instant complaint containing three causes of action. Special Term denied the branch of the motion to dismiss the first cause, but it granted the branches of the motion to dismiss the second and third causes for legal insufficiency. Since the plaintiff has not appealed from the portion of the order dismissing the second and third causes, the sole issue presented upon appeal is whether the first cause states a valid basis for relief upon the theory of wrongful discharge. In that first cause, plaintiff alleges, *inter alia,* that he was terminated without just and sufficient cause. Although both the plaintiff and representatives of McGraw-Hill signed

his employment application, that application never rose to the level of a written employment agreement. The application does not spell out the critical terms of plaintiff's employment, such as its duration. Furthermore, the application did not prohibit McGraw-Hill from unilaterally amending or withdrawing any of the provisions in the handbook. The plaintiff was free to terminate his employment relationship with defendant McGraw-Hill at any time he wished. Since plaintiff was not obligated to remain in McGraw-Hill's employ, he can not meritoriously assert that McGraw-Hill could only terminate him for just and sufficient cause. Viewing the allegations in the first cause most favorably to the plaintiff, his employment was at will and he could be terminated at any time and for any or no reason by McGraw-Hill. The first cause fails to state a valid basis for relief under CPLR 3211 (subd [a], par 7) and should be dismissed. *(Chin v American Tel. & Tel. Co.,* 96 Misc 2d 1070, affd 70 AD2d 791, mot for lv to app den 48 NY2d 603; *Edwards v Citibank, N.A.,* 100 Misc 2d 59, affd 74 AD2d 553, app dsmd 51 NY2d 875; *Marinzulich v National Bank of North Amer.,* NYLJ, May 10, 1979, p 10, col 2, affd 73 AD2d 886.) Concur — Murphy, P. J., Sullivan and Ross, JJ.

Kupferman, J. dissents in a memorandum as follows: I would affirm. Unless the Court of Appeals rules otherwise, I cannot agree that an employee handbook on personnel policies and procedures is a corporate illusion, "full of sound * * * signifying nothing." The application form presented to the employee which required his signature prior to the employment, stated that employment would be subject to the handbook rules. An employee should be able to rely thereon, perhaps to his detriment. The employer should be estopped from acting other than with respect thereto. (See *Edwards v Citibank, N.A.,* 74 AD2d 553, 554 [dissent], app dsmd 51 NY2d 875.)