■ FLORE F. BLAISE-WILLIAMS, Respondent, v SUMITOMO

BANK, LIMITED, Appellant.—Order, Supreme Court, New York County (Carol H. Arber, J.), entered February 26, 1992, which, *inter alia,* denied defendant's motion pursuant to CPLR 3211 (a) (7) and (c) for summary judgment dismissing the first and second causes of action for failure to state a cause of action, and pursuant to CPLR 3211 (a) (5) to dismiss so much of the second and third causes of action as seek damages beyond the applicable three-year Statute of Limitations (CPLR 214 [2]), unanimously reversed to the extent appealed from, on the law, and defendant's motion granted to the extent of dismissing the first and second causes of action in toto and dismissing the third cause of action only to the extent that it seeks damages for a period more than three years prior to the date of commencement of this action or may purport to seek punitive damages, without costs.

Plaintiff was hired by defendant bank in June 1987 as an Assistant Treasurer in its New York Corporate Research Department. On July 1, 1988, she was promoted to Assistant Vice President, the position she held at the time of the motion under review. The complaint contains causes of action alleging breach of contract, discrimination regarding promotion on the basis of her race, sex, color or national origin and gender discrimination regarding equal pay. A fourth cause of action seeking an award of punitive damages was dismissed by the IAS Court and that part of its order was not appealed.

Underlying her first two causes of action is plaintiff's allegation that she was passed over for promotion in that in July 1990, when a particular desk became available, Yasuyuki Kawasaki, a male Japanese employee of equal rank, was assigned the open desk, thus indicating his promotion ahead of her.

In sustaining the first cause of action for breach of contract, the IAS Court found that, although plaintiff is an at-will employee, defendant is estopped from denying that plaintiff may pursue a breach of contract action based upon the statement in defendant's employee handbook that it would not tolerate any discrimination against any employee. However, the court's reliance for that proposition upon the dissent in *Edwards v Citibank* (74 AD2d 553, 554, *appeal dismissed* 51 NY2d 875) is misplaced. In that case, as here, there was no written employment contract. Citibank had issued an employment manual which set forth procedures to be followed when dismissing an employee. The majority in *Edwards* found that this was not a binding contract between the parties and therefore no cause of action for breach of contract could be

stated. The dissent would have granted leave to replead on an estoppel theory. Here, by contrast, we are simply dealing with a general statement of equal opportunity and nondiscrimination contained in an employee handbook. Such a general statement, which is nothing more than a statement of existing law concerning discrimination, may not serve as a basis for a breach of contract claim.

In moving for summary judgment dismissing the second cause of action, defendant's Vice President in charge of plaintiff's department, Tadashi Ohno, denied plaintiff's allegation that Mr. Kawasaki received a promotion in July 1990 and stated that while Mr. Kawasaki did move from one desk to another within the department, that move was in no way a promotion. Mr. Ohno further stated that the location of an employee's desk in the office is the product of several factors, including length of service, the employee's position, administrative expediency, e.g., need to be near certain office equipment, and office sensibilities.

In opposition, plaintiff states that she had been informed by her superiors that, according to traditional Japanese business practices, the location of a person's desk within the office determined their status and position; that her office followed this tradition; and that people were promoted and salaries increased depending upon where they were seated in the office.

In denying defendant's motion, the court relied upon an excerpt from Mr. Ohno's affidavit that "an employee's desk location eventually may have some correlation to his [or her] overall status". However, that sentence continues "it [desk location] is not in any way a system for determining the promotion eligibility or promotion of an employee." As explained by Mr. Ohno, Mr. Kawasaki had the equivalent position and title as plaintiff, had been with the bank and the specific department longer than plaintiff, was moved to a desk next to an English/Japanese language word processor and the change of desks was done at a time when other people in the department also moved desks. These factual statements are uncontroverted and make it clear that the desk change had nothing to do with a promotion for Mr. Kawasaki. Indeed, there is no claim by plaintiff that Mr. Kawasaki has been promoted or has received additional compensation as the result of the desk change and, thus, there appears no basis for a claim of discrimination based upon plaintiff's race, sex, color or national origin as a result thereof.

Regarding the third cause of action, alleging unequal pay

based upon gender, plaintiff concedes that a three-year Statute of Limitations (CPLR 214 [2]) applies and that cause of action should be limited accordingly.

Finally, we note that, in dismissing the fourth cause of action for punitive damages, the IAS Court tacitly permitted plaintiff to reserve her right to assert such claim in each of the first three causes of action, only one of which survives this appeal. However, we have recently held that punitive damages are not available in an action brought pursuant to Executive Law § 297 (9) *(Thoreson v Penthouse Intl.,* 179 AD2d 29, 33-35, *affd* 80 NY2d 490), and the remaining cause of action should be limited solely to a claim for compensatory damages. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Kassal, JJ.