The sole issue presented in this case is whether an arbitration agreement signed by an employee of a company that is engaged in interstate commerce is enforceable under the provisions of the Federal Arbitration Act ("FAA"), in view of the language in the FAA stating that "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce" are exempt from the provisions of the FAA. See 9 U.S.C. § 1. We hold that the contract here involved is governed by the FAA. We reverse the judgment of the trial court holding otherwise and remand the case.
Gold Kist, Inc., employed the plaintiff Jason C. Baker as a "manifest loader." Baker's job required him to place boxes of chicken parts onto pallets and to load the pallets onto trucks for shipment to customers of Gold Kist in many states throughout the southeastern United States.
Baker was injured on October 29, 1997, while he was lifting boxes of chicken and placing them onto pallets. Baker's employment with Gold Kist was subsequently terminated. He sued Gold Kist for workers' compensation *Page 615 
benefits. In his lawsuit, he also claimed Gold Kist had dismissed him in retaliation for having claimed workers' compensation benefits; he based this claim on § 25-5-11.1, Ala. Code 1975.
On the day Baker was hired, he signed an arbitration agreement, which states, in part:
 "[A]ny controversy or claim arising out of or relating to this Agreement, or the breach thereof, or arising out of or relating to [the plaintiff's] employment by [Gold Kist], including claims against officers, directors or employees of [Gold Kist], shall be resolved by arbitration pursuant to the Federal Arbitration Act or applicable Georgia state law and Employment Dispute Resolution Rules of the American Arbitration Association."
This agreement also explicitly states: "I understand that this Agreement is not a contract of employment and that I remain an employee-at-will in accordance with applicable law."
Gold Kist filed a motion to stay the proceedings pending arbitration. The trial court denied the motion, holding that the plaintiff was exempt from the provisions of the FAA. Gold Kist appeals the trial court's order.[1]
Gold Kist argues that the trial court's denial of its motion to stay proceedings pending arbitration should be reversed because, it argues, Baker is not exempt from the provisions of the FAA. Although the trial court did not explain its reasoning for holding that Baker is exempt from the provisions of the FAA, Baker argues that he is exempt because 9 U.S.C. § 1 (§ 1 of the FAA) states that "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce" are exempt from the FAA. Baker argues that the arbitration agreement he signed is a contract of employment, that he is a "worker engaged in . . . interstate commerce," and that he is therefore exempt from the FAA. 9 U.S.C. § 1.
In Robert Frank McAlpine Architecture, Inc. v. Heilpern,712 So.2d 738, 749 (Ala. 1998), this Court wrote:
 "[T]he § 1 exemption of `contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce' covers only those workers directly engaged in the movement of goods in interstate commerce, i.e., those workers directly engaged in the interstate transportation and distribution of goods. We conclude, as all of the federal courts of appeals that have considered the issue have apparently concluded, that the § 1 exemption was included by Congress as a concession to organized labor, specifically the Seamen's Union, and that, consistent with Congressional intent that the FAA be broad in scope, the exemption was intended to be a narrow one, not applying to employment contracts across the board, but, instead, to the employment contracts of those workers directly engaged in the movement of goods in interstate commerce."
The question presented in this case requires us to ascertain the class of workers who would be exempt from the coverage of the FAA. In deciding this question, we believe we must be guided by the decisions of the United States Supreme Court, which specifically hold that "`any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" Ex parte Merrill Lynch, Pierce, Fenner Smith, Inc., 494 So.2d 1,2 (Ala. 1986), quoting Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24 (1983).
The undisputed facts show that Baker was a dock employee and that his involvement with the transportation of goods in interstate commerce was limited to loading the pallets onto trucks. He did not directly participate in the transportation of the goods. *Page 616 
Cases like this one show the difficulty courts face when trying to determine whether a particular worker is or is not "directly engaged in the movement of goods in interstate commerce." Robert Frank McAlpine Architecture, Inc., 712 So.2d at 749 (emphasis added). See Kropfelder v. Snap-On Tools Corp., 859 F. Supp. 952
(D. Md. 1994), where the federal district court, although admitting that there is some split of authority on the question, discusses many of the federal decisions regarding the § 1 exemption and points out that the Supreme Court of the United States has refused to review the specific issue presented. However, keeping in mind the United States Supreme Court's mandate that all doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, and that the § 1 exemption is a narrow one, we hold that Baker is not exempt from coverage of the FAA and, thus, that he should be required to arbitrate those claims subject to his arbitration agreement with Gold Kist.[2]
Therefore, the trial court's order denying Gold Kist's motion to stay proceedings pending arbitration is reversed, and this cause is remanded for further consideration consistent with this opinion.
REVERSED AND REMANDED.
Hooper, C.J., and See, Lyons, and Brown, JJ., concur.
Houston, Kennedy, Cook, and Johnstone, JJ., dissent.
[1] An appeal is the proper procedure for challenging an interlocutory order denying a stay pending arbitration. See Delta Construction Corp. v. Gooden, 714 So.2d 975 (Ala. 1998); Allied-Bruce Terminix Cos. v. Dobson, 684 So.2d 102, 104 n. 1 (Ala. 1995); Long v. Industrial Development Board of the Town of Vincent,619 So.2d 1387 (Ala. 1993); A.G. Edwards Sons, Inc. v. Clark,558 So.2d 358 (Ala. 1990).
[2] Because we hold that Baker is not exempt from the FAA as a member of that class of employees contemplated by the exception in9 U.S.C. § 1, we pretermit any discussion of the question whether the arbitration agreement between Baker and Gold Kist is a "contract of employment" for the purposes of 9 U.S.C. § 1.