THIRD DIVISION

DECEMBER 15, 1999 

1-98-2460

ELEANOR HARRIS and BRONWYN RAINS, )  Appeal from the Circuit

              )  Court of Cook County

Plaintiffs-Appellants,       )

                   )   

v.         ) 

                                  )

ADLER SCHOOL OF PROFESSIONAL    )  

PSYCHOLOGY,    )  Honorable Lee 

    )  Preston, Judge 

Defendant-Appellee.    )  Presiding.

                 

JUSTICE CERDA delivered the opinion of the court.

Plaintiffs, Eleanor Harris and Bronwyn Rains, appeal from the dismissal of their first amended complaint concerning their dismissal from the doctoral program of defendant, the Adler School of Professional Psychology, after failing their first-year qualifying examinations.  Defendant had filed a motion to dismiss the complaint pursuant to section 2--615 
of the Code of Civil Procedure (735 ILCS 5/2--615 (West 1998)) on the basis that plaintiffs had failed to state cognizable causes of action.  We affirm.   

DISCUSSION

In reviewing a motion to dismiss, the pertinent inquiry is whether plaintiff has alleged sufficient facts in the complaint that, if proved, would entitle plaintiff to relief.  
Boyd v. Travelers Insurance Co.
, 166 Ill. 2d 188, 194, 652 N.E.2d 267 (1995).  As we review the sufficiency of the complaint, all well-

pleaded facts and all reasonable inferences from them are taken as true.  
Mt. Zion State Bank & Trust v. Consolidated Communications, Inc.
, 169 Ill. 2d 110, 115, 660 N.E.2d 863 (1995).  Our review of such matters is 
de
 
novo
.  
Dace International, Inc. v. Apple Computer, Inc.
, 275 Ill. App. 3d 234, 237, 655 N.E.2d 974 (1995).

Breach of Contract

Counts I (Harris) and VII (Rains) for breach of contract alleged that plaintiffs were students in defendant's doctoral program in psychology in 1992.  At the time plaintiffs were enrolled, defendant published a student catalog, which provided the rules and regulations concerning academic standards and remediation of students.  Plaintiffs received the 1992 catalog, which stated in pertinent part at page seven:

"This catalog serves as a guide to our program of study as well as the policies and regulations that have been designed to meet the needs of graduate students we serve and the integrity of the graduate degrees and certificates awarded."  

The complaint further alleged that one of the requirements of the doctoral program was the passing of the first-year written qualifying examination.  According to page 52 of the catalog, the examination "
assesses the student's knowledge of the first-year courses and basic foundations of psychology
."  Harris took the examination in April 1995 and June 1995.  Rains took the examination in April 1994, October 1994, and October 1995.  Defendant arbitrarily and capriciously breached its contract with plaintiffs by designing and administering an examination that was invalid as a means of ascertaining a student's knowledge of first-year courses and basic foundations of psychology.  

The Adler School initially contends that counts I and VII did not allege the existence of a contractual obligation.  This argument is rejected on the basis that the language of the catalog provision concerning the qualifying examination was sufficiently definite to constitute an offer that students could accept and was not a mere unenforceable expectation.  
Abrams v. Illinois College of Podiatric Medicine
, 77 Ill. App. 3d 471, 476, 395 N.E.2d 1061 (1979); see also 
Brody v. Finch University of Health Sciences/The Chicago Medical School
, 298 Ill. App. 3d 146, 154, 698 N.E.2d 257 (1998) (a contractual relationship exists between a college or university and its students, and the terms of the contract are generally set forth in the school's catalogs, bulletins, and brochures).  

However, we find that counts I and VII are not justiciable because they would require a judicial determination whether the qualifying examination examined plaintiffs on appropriate subject matter.  There is no judicial review of academic decisions.  See   
Mucklow v. John Marshall Law School
, 176 Ill. App. 3d 886, 891, 531 N.E.2d 941 (1988), adopting 
Connelly v. University of Vermont
, 244 F. Supp. 156, 161 (D. Vt. 1965) (whether a plaintiff should or should not have received a passing grade is a matter wholly within the jurisdiction of the school authorities, who alone (and not the courts) are qualified to make such a determination); see also 
Bilut v. Northwestern University
, 269 Ill. App. 3d 125, 134, 645 N.E.2d 536 (1994) (courts are ill-

equipped to run private colleges and universities, which must be accorded a generous measure of independence and autonomy with respect to the establishment, maintenance, and enforcement of academic standards).  There is no justification for court intervention where a grade is dispensed by a teacher within that teacher's subjective discretion.  
Knight v. Board of Education of Tri-Point Community Unit School District No. 6J
, 38 Ill. App. 3d 603, 607, 348 N.E.2d 299 (1976).

Although academic decisions are nonreviewable by courts, the courts can review whether school authorities acted arbitrarily or capriciously in their treatment of a student, including dismissal.  See 
Connelly
, 244 F. Supp. at 161 (student stated a cause of action based on the allegation that dismissal was for reasons other than the quality of his work or was in bad faith); see also 
Brody
, 298 Ill. App. 3d at 156 (a student may have a remedy for breach of contract when it is alleged that an adverse decision concerning the student, supposedly for academic deficiencies, was made arbitrarily, capriciously, and in bad faith).  However, plaintiffs' allegation in counts I and VII of arbitrariness and capriciousness did not transform the essential issue of the adequacy of academic examinations into a nonacademic issue: in order to rule on counts I and VII, the court would have to determine whether the subject matter of the examinations tested (1) knowledge of the first-year course as opposed to second-year courses and (2) basic foundations of psychology.  This court will not review school examinations or courses.  The trial court did not err in dismissing counts I and VII.

Breach of Implied Provision of Good Faith

Counts II and VIII of the complaint alleged that there was an implied provision of good faith in every contract in Illinois that required defendant school to apply the same standards and criteria in evaluating the quality, or grade, of plaintiffs' work on the examinations as had been applied in determining the quality or grade of plaintiffs' work when the first-year courses were taken.  Defendant allegedly arbitrarily and capriciously breached the implied provision of good faith by arbitrarily and capriciously failing to have objective and articulable criteria by which to grade plaintiffs' examinations.  

Counts III and IX, also captioned breach of implied provision of good faith, alleged that
 clerical employees of defendant transcribed plaintiffs' handwritten examination answers into typed answers, which were then graded.  After their dismissal from the school, plaintiffs were allowed 15 minutes to review the answers for the June 1995 and October 1995 examinations, respectively.  Plaintiffs observed numerous errors between the typed and written answers.  Defendant arbitrarily and capriciously breached the implied contractual provision to give plaintiffs credit for questions answered correctly as evidenced by a Dr. Schneider's refusal to regrade plaintiffs' answers when he observed the discrepancies between the written handwritten answers and the incorrectly typed answers.  

Defendant argues that counts II, III, VIII, and IX were properly dismissed because there is no cause of action for breach of an implied provision of good faith and because the implied provision is used only as a construction aid in determining the intent of contracting parties.  
Cramer v. Insurance Exchange Agency
, 174 Ill. 2d 513, 524-25, 675 N.E.2d 897 (1996).  

We agree that there is not a cause of action for breach of an implied provision of good faith in Illinois.  
Martin v. Federal Life Insurance Co.
, 109 Ill. App. 3d 596, 605-07, 440 N.E.2d 998 (1982).  An implied provision of good faith does not create an independent duty, but it may be used as a construction aid in determining the intent of contracting parties.  
Martindell v. Lake Shore National Bank
, 15 Ill. 2d 272, 286, 154 N.E.2d 683 (1958).

In addition, we find that counts II and VIII concerning the grading standards were properly dismissed as alleging nonjusticiable academic issues because the court would have to determine whether the standards used in evaluating the qualifying examinations were the same that had been used in evaluating plaintiffs' work in the first-year courses.  

Racial Discrimination 

Count IV, captioned breach of contract racial discrimination, was brought by Harris and alleged that defendant arbitrarily and capriciously racially discriminated against Harris and other students of African descent.  The relief sought by the plaintiff was money damages.  The count was based on the 1992 catalog, which stated in pertinent part:

"NON-DISCRIMINATION POLICY

Adler School of Professional Psychology is an affirmative action institution and does not discriminate on the basis of race, sex, sexual orientation, creed, color, age, national origin, individual handicap, or veteran status in any aspect of services.  The educational programs, activities, and services offered to students are administered on a nondiscriminatory basis subject to the provisions of all civil rights and statutes."

Defendant argues that one reason count IV was properly dismissed was that the nondiscrimination provision was not definite or enforceable.  We agree; the racial-discrimination provision was only a general reference of adherence to existing law concerning discrimination.  See 
Gally v. Columbia University
, 22 F. Supp. 2d 199, 208 (S.D.N.Y. 1998) (a provision in a university's code of conduct that provided that all students should receive fair and equal treatment was merely a general statement of adherence to existing anti-discrimination laws and was not an independent contractual obligation); 
Blaise-Williams v. Sumitomo Bank, Ltd.
, 189 A.D.2d 584, 586, 592 N.Y.S.2d 41, 42 (1993) (a general statement of equal opportunity and nondiscrimination contained in an employee handbook was nothing more than a statement of existing law concerning discrimination and could not serve as a basis for a breach of contract claim).  The Adler School's nondiscrimination policy was a statement of adherence to existing law and did not constitute, and was not, an independent contractual obligation.

Family Educational Rights and Privacy Act of 1974

Counts V and X were for breach of contract based on the catalog's reference to the Family Educational Rights and Privacy Act of 1974 (20 U.S.C.A. §1232g (West Supp. 1999).  Plaintiffs alleged that, after failing the examinations, they requested that they be allowed to review their examination booklets and the graders' comment sheets to check that the numerical grades were accurately computed and to determine how to improve their performance.  Count X alleged that Rains also requested the typed answers.

The 1992 catalog stated in pertinent part:

"CONFIDENTIALITY OF RECORDS

Adler School complies with the Family Educational Rights and Privacy Act of 1974 (the Buckley Amendment) in maintaining and releasing personally identifiable information and records for currently enrolled and former students. *** A current or former student may, upon request, inspect these records after making an appointment with the Registrar."  

Defendant allegedly arbitrarily and capriciously breached this provision by (a) refusing to allow students to review their answer booklets, the questions, and graders' comments and refusing to allow plaintiffs to ascertain if scores on questions were added correctly for the April 1994, October 1994, and April 1995 examinations; and (b) refusing to allow plaintiffs to review the questions, answers, and scores of the June 1995 and October 1995 examinations until after plaintiffs were dismissed from the school and then for only 15 minutes.  The relief sought by plaintiffs was money damages.

The provision pursuant to this act clearly is merely a reference to the applicability of an already existing law.  The promise to do something one is already legally obligated to do is not consideration, and no new obligation is thereby created.  
Moehling v. W.E. O'Neil Construction Co.
, 20 Ill. 2d 255, 266, 170 N.E.2d 100 (1960).  
Plaintiffs have conceded that the federal act does not provide a private right of action.  
Tarka v. Cunningham
, 917 F.2d 890, 891 (5th Cir. 1990).
  The trial court did not err in dismissing counts V and X.

Breach of Contractual Duty to Remediate

Count XI was brought by Rains for alleged breach of the contractual duty to remediate pursuant to the 1992 catalog.  

As plaintiffs have not addressed in their brief why this count was incorrectly dismissed, the issue was waived (
Murdy v. Edgar
, 103 Ill. 2d 384, 393, 469 N.E.2d 1085 (1984)), and the count's dismissal is affirmed. 

The judgment of the trial court is affirmed.

Affirmed.

BURKE and WOLFSON, JJ., concur.